UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAMUEL RAND ,

    Plaintiff,

v.

NATIONAL FINANCIAL INSURANCE
COMPANY, a Texas Corporation

    Defendant.

_____/

Case No. 00 - 0682
CIV-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

FILED BY
00 FEB 22 AM 11:21
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

## DEFENDANT, NATIONAL FINANCIAL
## INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, NATIONAL FINANCIAL INSURANCE COMPANY ("NFIC"), by and

through its undersigned attorneys, presents this Notice of Removal of the above cause from the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where

same is now pending under Case No. 00-00982 CA 01, to the United States District Court,

Southern District of Florida, and respectfully represents and shows unto the Court the following:

    1.    An action was commenced against NFIC by Plaintiff Samuel Rand ("Plaintiff") in

the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled <u>Samuel Rand vs.</u>

<u>National Financial Insurance Company</u>. NFIC was served with process via U.S. Mail by The

Treasurer of State of Florida, Department of Insurance, on January 24, 2000. Plaintiff brought a

five-count complaint arising from the purported breach of two disability insurance policies.

    2.    The summons and complaint constitute all of the process, pleadings and orders

served to date.  True and correct copies of the summons and complaint are attached as Exhibit "A".

3.      Plaintiff is a citizen and resident of Florida or otherwise is a citizen and resident of a state other than Texas.[1]

4.      For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State in which it has its principal place of business".  28 U.S.C. § 1332(c)(1).    NFIC, at the time this action was filed, was a Texas corporation with its principal place of business in Fort Worth, Texas.

5.      NFIC currently is a Texas corporation with its principal place of business in Fort Worth, Texas.[2]

6.      Plaintiff alleges that, on February 28, 1974, he purchased two insurance policies from NFIC's predecessor company, Sun Life Insurance Company.[3]  Plaintiff alleges that he

---

[1]  See Complaint at p.1 ("Plaintiff is sui juris and a resident of Miami-Dade County, Florida").  It is well-settled that for diversity purposes, a person is considered a citizen of the state where that person is domiciled.  Las Vistas Villas, S.A. v. Peterson, 778 F. Supp. 1202 (M.D. Fla. 1991).  Domicile is determined by two factors: residence and intention to remain.  Id.  Plaintiff has maintained a medical license from the State of Florida since 1973.  His medical practice, located in Hollywood, Florida, is open and advertises in the current Greater Hollywood, Florida Yellow Pages.  Plaintiff maintains privileges at Memorial Hospital, Memorial Hospital West, and Hollywood Medical Center.  Plaintiff's home address and telephone number are also currently listed in the Greater Hollywood, Florida White Pages.  See copy of excerpts from 1999 Greater Hollywood, Florida Yellow and White Pages, as well as corporate detail record screen from the Florida Department of State, attached as Composite Exhibit "B".

[2]  The Complaint is silent with regard to NFIC's principal place of business, but this notice properly provides the missing citizenship allegations to show complete diversity.  Armada Coal Export v. Interbulk, 726 F.2d 1566 (11th Cir. 1984); Estevez-Gonzalez v. Kraft, Inc., 606 F. Supp. 127 (S.D. Fla. 1985) (allegations of diverse citizenship were properly made in corporate defendant's removal petition).

[3]  Complaint at p. 1.

- 2 -

fulfilled all obligations and timely paid all premiums under each policy.[4]  Plaintiff alleges that

he was declared totally disabled by NFIC both in 1996 under policy 83W750518H and in 1998

under policy 83W740234H, but that he has received no monthly disability payments pursuant to

the policies.[5]  Specifically, Plaintiff alleges the following causes of action: Count I (breach of

contract as to policy 83W750518H), Count II (breach of contract as to policy 83W740234H),

Count III (violation of Florida Statute 627.4233), Count IV (fraudulent misrepresentation), and

Count V (estoppel).[6]  Plaintiff's complaint alleges only the local jurisdictional requirement (in

excess of $15,000 exclusive of interest and costs) as the amount in controversy.[7]

      7.     This Court has held that the mere fact that the complaint is silent as to some fact

necessary to establish federal jurisdiction, such as amount in controversy, does not preclude

removal of the case by the defendant.  Woolard v. Heyer-Schulte, 791 F. Supp. 294 (S.D. Fla.

1992), quoting Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1078 (M.D. Fla. 1978).[8]

      8.     The Court may look to the notice of removal or it may make an independent

evaluation of the monetary value of the claim.  Smith v. Executive Fund Life Ins. Co., 651 F.

Supp. 269 (M.D. La. 1986); Craig v. Congress Sportswear, Inc., 645 F. Supp. 162 (D. Me. 1986);

Lewis v. AT&T Corp., 898 F. Supp. 907, 909 (S.D. Fla. 1995).  See also DeAguilar v. Boeing

---

[4] Id. at p. 2.

[5] Id. at p. 3.  Note that Plaintiff failed to attach the policies to his Complaint as required
by Fla.R.Civ.P. 1.130.

[6] Id. at pp. 3-9.

[7] Id. at p.1.

[8] The Southern District subscribes to the view that the entire record may be examined as a
whole to determine the propriety of removal and that this examination is not limited to the face
of the complaint.  Victor v. Firestone Tire and Rubber Co., 537 F. Supp. 244 (S.D. Fla. 1982).
Federal jurisdiction is not determined by the wording of plaintiff's complaint alone.  Landmark
Tower Association v. First National Bank of Chicago, 439 F. Supp. 195, 196 (S.D. Fla. 1977)
("This Court should be guided by the principle that in practice, the federal courts usually do not
limit their inquiry to the face of the plaintiffs' complaint, but rather consider the facts disclosed
on the record as a whole in determining the propriety of removal"), quoting Villareal v. Brown

Co., 11 F.3d 55, 57 (5th Cir. 1993) (where the complaint contains no specification of damages, the Court will consider the allegations in the notice of removal). Based on the record as a whole, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9.      In Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), the Eleventh Circuit held that when a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. Toward this end, on February 11, 2000, counsel for NFIC wrote to Plaintiff's counsel requesting Plaintiff to advise whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, counsel for NFIC requested that Plaintiff's counsel enter into a stipulation that the amount in controversy does not exceed $75,000.00.[9] To date, Plaintiff's counsel has failed to sign and return the referenced stipulation to counsel for NFIC. Prior to filing this Notice of Removal, counsel for NFIC also spoke to Plaintiff's counsel. Plaintiff's counsel stated that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and expressly declined to sign the proposed stipulation.[10] Accordingly, because Plaintiff's counsel has admitted that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, NFIC has fully satisfied its burden under Tapscott.[11]

---

Express, 529 F.2d 1219 (5th Cir. 1976).

[9] See February 11, 2000 correspondence from counsel for NFIC, attached as Composite Exhibit "C".

[10] Counsel for NFIC, Patricia Thompson, Esq., spoke by telephone to Plaintiff's counsel, Michael Palahach, Esq., on February 16, 2000.

[11] The District Court must consider the value of the object of the litigation solely from Plaintiff's perspective. See Ericsson GE Mobile, communications, Inc. v. Motorola Coomunications & Electronics, Inc., 120 F. 3d 216 (11th Cir. 1997) (adopting the "plaintiff-viewpoint" rule).

10.     Further, a close reading of the Complaint, together with the policies at issue, reveals that the amount in controversy exceeds well over $75,000.00.[12] Plaintiff claims that NFIC has failed to pay monthly benefits to him under policy 83W750518H ($1,500 per month) since May 1996.[13] To date, these monthly benefits total $67,500.00. Likewise, Plaintiff claims that NFIC has failed to pay monthly benefits to him under policy 83W740234H ($1,000 per month) since April 1998.[14] To date, these monthly benefits total $22,000.00. Accordingly, the sum total of damages claimed under both policies amounts to, at a minimum, $89,500.00.

11.     Additionally, the attorneys for NFIC have the requisite credentials to assess the amount in controversy under the guidelines of applicable case law. See Richman v. Zimmer, 644 F. Supp. 540 (S.D. Fla. 1986) (fact that plaintiff failed to allege the actual amount in controversy but instead only alleged state jurisdictional amount did not deprive defendant of notice that the amount of damages claimed exceeded federal removal requirements, particularly given the defendant law firm's knowledge of settlements in prior cases involving similar injuries and surgery, and similar allegations of serious injury). In the case sub judice, Carlton Fields, counsel for NFIC, has approximately 175 attorneys in 7 offices throughout Florida. The Miami office of counsel for NFIC has 10 shareholders with experience in matters with similar allegations surrounding breaches of insurance contracts and fraudulent misrepresentation. In short, based upon the allegations of the Complaint and conversations with Plaintiff's counsel, counsel for NFIC believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[12] See policy 83W750518H and policy 83W740234H, attached as part of Composite Exhibit "C".

[13] Complaint at p. 3.

[14] Id.

12.     After reviewing the Complaint and this notice, the Court should exercise removal jurisdiction over this action. See O'Connor v. Kawasaki Motors Corp., 699 F. Supp. 1538 (S.D. Fla. 1988); Essenson v. Cole, 848 F. Supp. 987, 989 (M.D. Fla. 1994) ("Courts should not encourage plaintiffs to hold back their federal cards"); 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3734 (West 1985) (Should a court allow a strict interpretation of the rule concerning the amount stated in the complaint, the defendant's statutory right to removal would be wholly contingent upon the plaintiff's choice of words and such a rule would be an undesirable one).

13.     Thus, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(c), and this action is one which may be removed to this Court by NFIC pursuant to 28 U.S.C. § 1441 in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

14.     This notice of removal is being filed within thirty (30) days after receipt of Plaintiff's Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446.

WHEREFORE, NFIC respectfully requests that this action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to the United

States District Court for the Southern District of Florida.

Respectfully submitted,

CARLTON,  FIELDS, WARD, EMMANUEL,
   SMITH & CUTLER, P.A
Attorneys for Defendant NFIC
NationsBank Tower at International Place
100 Southeast Second Street, Suite 4000
Miami, Florida  33131-9101
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055
e-mail:  pthom@carltonfields.com
e-mail:  ncovo@carltonfields.com


By: *Neil A. Covone*
PATRICIA H. THOMPSON
Florida Bar No: 221783
NEIL A. COVONE
Florida Bar No.:  0060763


## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile and U.S. Mail to Michael Palahach, Esq., High, Stack, Lazenby, Palahach & Feiler, 3929 Ponce de Leon Blvd., Coral Gables, Florida, 33134 this 22nd day of February, 2000.


By: *Neil A. Covone*
NEIL A. COVONE
Florida Bar No:  0060763


- 7 -

# CIVIL COVER SHEET

**00-0682**
**CIV-MOORE**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE
O'SULLIVAN

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SAMUEL RAND | National Financial Insurance Company |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A dade 00 cv 682 moore O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Palahach, High Stack et al.
3929 Ponce de Leon Blvd. Coral Gables
Fla. 33134 (305) 443-3329

ATTORNEYS (IF KNOWN)
Patricia H. Thompson, Calton Fields
100 SE 2nd St., Ste.4000, Miami, Fla.
33131 (305) 530-0050

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
**DADE,** MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☑ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Breach of disability insurance policies;
28 U.S.C. Sec. 1332(a), 28 U.S.C. Sec. 1332(c), 28 U.S.C. Sec. 1441

**IVa.** ___**3**___ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B | FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☑ 110 Insurance | PERSONAL INJURY | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 291 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☐ 1. Original Proceeding
☑ 2. Removed From State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district (Specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $ Unspecified
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE **2-22-00**
SIGNATURE OF ATTORNEY OF RECORD
*Neil A. Corov* FOR PATRICIA H. THOMPSON

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 817309
Date Paid: 2/23/00
Amount: 150.00
Mifp: _____

ATTACHMENT / EXHIBIT



RECYCLED PAPER



JAN 2 6 2000

LEGAL DEPT.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

SAMUEL RAND,

    Plaintiff,

v.

NATIONAL FINANCIAL INSURANCE
COMPANY, a Texas corporation,

    Defendant.

_____/

CASE NO.   00-00982 CJ

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint and Request for Production in this action on Defendant:

    National Financial Insurance Company
    **by serving its registered agent: The Insurance Commissioner**
    200 East Gaines Street
    Tallahassee, FL 32399-4201

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:

        Michael Palahach, Esq.
        HIGH, STACK, LAZENBY, PALAHACH & FEILER
        3929 Ponce de Leon Boulevard
        Coral Gables, Florida 33134
        305-443-3329

    DATED on this _____ day of January, 2000.    JAN 1 3 2000

                HARVEY RUVIN
                Clerk of said Court
                By _____  WANDA HOSKINS
                As Deputy Clerk
                    (Court Seal)

SERVED ON DEFENDANT
2000 JAN 24 AM 10:28
BY FLORIDA INSURANCE COMMISSIONER

RECEIVED BY FLORIDA INSURANCE COMMISSIONER
SERVICE OF PROCESS
2000 JAN 19 AM 10:00

ATTACHMENT EXHIBIT A



JAN 2 6 2000

THE TREASURER OF THE STATE OF FLORIDA
DEPARTMENT OF INSURANCE

LEGAL DEPT.

SAMUEL RAND,

PLAINTIFF(S),

VS.

NATIONAL FINANCIAL INSURANCE COMPANY

DEFENDANT(S).

_____/

SUMMONS, COMPLAINT, EXHIBIT

**RESERVED SENT TO THE WRONG INSURANCE COMANY**

CASE #:    00-00892 CA-01
COURT:     CIRCUIT COURT
COUNTY:    DADE
DOI-SOP#:  00-01981



RECEIVED
JAN 2 7 2000
CARLTON FIELDS

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, served or delivered to my office by MAIL
on the 19th day of January, 00, addressed to the Insurance Commissioner (as process agent or
agent for the insurer).  A copy of said process was mailed by certified mail from this office to:

NATIONAL FINANCIAL INSURANCE COMPANY
PATRICK H O'NEILL
110 WEST SEVENTH STREET, SUITE 300
FORT WORTH TX 76102

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney on the 24th day
of January, 00.

*Bill Nelson*

Bill Nelson
Insurance Commissioner and Treasurer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:
MICHAEL PALAHACH, ESQUIRE
3929 PONCE DE LEON BOULEVARD
CORAL GABLES FL 33134

CA

JAN 2 6 2000



RECEIVED

JAN 2 7 2000

CARLTON FIELDS

IN THE CIRCUIT COURT OF THE LEGAL DEPT.
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 00-00982   CA01

SAMUEL RAND,

    Plaintiff,

v.

NATIONAL FINANCIAL INSURANCE
COMPANY, a Texas corporation,

    Defendant.

_____/



ORIGINAL
FILED

JAN 1 3 2000

## COMPLAINT

1.      This is an action for damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees and is within the jurisdiction of this Court.

2.      Plaintiff is sui juris and a resident of Miami-Dade County, Florida

3.      Defendant, NATIONAL FINANCIAL INSURANCE COMPANY, (hereinafter "NATIONAL FINANCIAL,") a Texas corporation, was and is an insurance company authorized to do business in the State of Florida and doing business in this circuit.

4.      On February 28, 1974, the Plaintiff, SAMUEL RAND, a medical doctor (hereinafter "RAND") purchased two insurance policies numbered 83W750518H and 83W740234H. Plaintiff is not in possession of said policies. Plaintiff has requested production of said policies as evidenced by Plaintiff's Request for Production filed with this Complaint attached hereto as Exhibit "A."

5.      The subject policies were purchased by RAND to provide disability insurance

1

coverage in the event RAND became totally disabled and was unable to perform the material and substantial duties of his occupation as a medical doctor.

6.      The policies were identical except for the amounts of coverage available and provided that RAND would be entitled to a waiver of the premiums and payment of monthly disability benefits in the event of his total disability.

7.      RAND purchased both policies from Defendant, NATIONAL FINANCIAL's predecessor company, Sun Life Insurance Company.  As such, NATIONAL FINANCIAL is obligated to RAND under both contracts.

8.      RAND met and fulfilled all conditions and obligations pursuant to said policies including the timely payment of required premiums.

9.      RAND continued paying the premiums on both policies until 1976, when he underwent his first open heart surgery.

10.     As a result of this surgery, RAND was unable to perform the material and substantial duties of his occupation as a medical doctor.

11.     In compliance with its obligations under the subject policies, NATIONAL FINANCIAL declared RAND totally disabled and both waived RAND's premiums and made monthly disability payments for approximately six years.

12.     In approximately 1980, RAND returned to work and resumed payment of his premiums.

13.     In 1986, RAND suffered a second heart attack.

14.     As a result, RAND was unable to perform the material and substantial duties of his occupation as a medical doctor.

2

Samuel Rand v. National Financial Insurance Company
Case No.

15.    In compliance with its obligations under the subject policies, Defendant, NATIONAL

FINANCIAL, declared him totally disabled and pursuant to the policies, once again both waived the

premiums and paid RAND monthly benefits until 1991.

16.    In 1991, NATIONAL FINANCIAL declared RAND no longer totally disabled under

the subject policies of insurance.  NATIONAL FINANCIAL terminated its monthly benefit payments

and waiver of premiums.

17.    RAND resumed timely payments of the required premiums pursuant to both policies

of insurance.

18.    In May of 1996, NATIONAL FINANCIAL notified RAND that after review of its

records, it had made the determination that RAND was in fact totally disabled pursuant to the terms

of the policies of insurance since 1995 and its resumed the waiver of premiums until November, 1998,

but did not pay RAND the monthly benefit payments, and only as to policy 83W750518H.

19.    In April of 1998, NATIONAL FINANCIAL notified RAND that he was now totally

disabled under policy 83W740234H as well, and refunded him $3,416.00 for previously paid

premiums, but he did not begin the monthly benefit payments.

20.    In September of 1998 RAND underwent a third cardiac procedure.

21.    In November of 1998 NATIONAL FINANCIAL again declared RAND not totally

disabled and ceased waiver of premiums on both policies.

## COUNT I
## BREACH OF CONTRACT AS TO POLICY 83W750518H

22.    RAND realleges paragraphs 1 - 21 and incorporates them herein.

3

Samuel Rand v. National Financial Insurance Company
Case No.

23.     Two valid contracts of insurance exists between NATIONAL FINANCIAL and RAND.

24.     Pursuant to both policies NATIONAL FINANCIAL is contractually obligated to both waive premiums and pay monthly disability benefits upon the determination that RAND is totally disabled.

25.     In 1996, NATIONAL FINANCIAL declared that RAND was totally disabled since 1995 under disability policy 83W750518H only, and began waiver of premiums as to that policy only, but not the monthly disability payments as required by the policies.

26.     NATIONAL FINANCIAL breached its contract with RAND by failing to pay him the monthly benefits due him upon the declaration that he was totally disabled as it was required to do under the terms of policy 83W750518H.

27.     As a result, RAND was forced to retain undersigned counsel and pay him reasonable attorney's fees.

WHEREFORE Plaintiff, SAMUEL RAND, demands judgment against Defendant, NATIONAL FINANCIAL INSURANCE COMPANY, a Texas corporation, for compensatory damages, prejudgement interest, reasonable attorney's fees, costs associated with this action, and any other relief this Court deems just and proper, after trial by jury.

## COUNT II
## BREACH OF CONTRACT AS TO POLICY 83W740234H

28.     RAND realleges paragraphs 1 - 21 and incorporates them herein.

29.     Two valid contracts of insurance exists between NATIONAL FINANCIAL and

4

Samuel Rand v. National Financial Insurance Company
Case No.

RAND.

30.     Pursuant to both policies NATIONAL FINANCIAL is contractually obligated to both waive premiums and pay monthly disability benefits upon the determination that RAND is totally disabled.

31.     NATIONAL FINANCIAL breached its contract with RAND by failing to declare him totally disabled under policy 83W740234H when it declared RAND totally disabled under policy 83W750518H in 1996, despite the identical language of the policies.

32.     In April of 1998, NATIONAL FINANCIAL finally declared RAND totally disabled under policy 83W740234H and refunded $3,416.00 the amount paid by RAND in premiums on policy 83W740234H for the past four years.

33.     NATIONAL FINANCIAL had an obligation to pay monthly disability benefits as well as waive premiums under policy 83W740234H.

34.     NATIONAL FINANCIAL breached its contract with RAND by failing to pay monthly disability benefits under policy 83W740234H, despite having been declared totally disabled and having his premium payments waived.

35..    As a result, RAND was forced to retain undersigned counsel and to pay him reasonable attorney's fees.

WHEREFORE Plaintiff, SAMUEL RAND, demands judgment against Defendant, NATIONAL FINANCIAL INSURANCE COMPANY, a Texas corporation, for compensatory damages, prejudgement interest, reasonable attorney's fees, costs associated with this action, and any other relief this Court deems just and proper, after trial by jury.

5

Samuel Rand v. National Financial Insurance Company
Case No.

## COUNT III
## VIOLATION OF FLORIDA STATUTE 627.4233

36.    RAND realleges paragraphs 1 - 21 and incorporates them herein.

37.    NATIONAL FINANCIAL declared RAND no longer disabled in November of 1998 despite his third cardiac procedure in September of 1998 and two declarations of total disability in May of 1996 and April of 1998.

38.    NATIONAL FINANCIAL based its determination on (1) the fact that RAND's office is still open and listed in the telephone book; (2) that RAND continued to see 6-8 patients a day, five days a week; and (3) that RAND was still on staff at three area hospitals.

39.    Florida Statute §627.4233, Total Disability Defined, states that:

    (1)    if an individual or group policy of disability income insurance provides for the waiver of premiums or payment of claims upon totally disability:

    (a)    the policy must, at a minimum, provide for the first 12 months of the disability, a person is totally disabled if the person is unable to perform the material and substantial duties of the person's regular occupation, or must include a provision at least as favorable to the insured.

40.    RAND customarily saw 30 to 45 patients a day prior to his disability.  RAND's patient load is restricted by 1/5th due to his third heart attack.  RAND is "substantially" unable to perform in "a customary and usual manner," and as such, qualified as totally disabled under Florida law.

41.    Florida Statute §627.4233 (1) (a) requires that all disability insurance policies include a "total disability" provision at least as favorable as that stated therein.

42.    NATIONAL FINANCIAL's policy violates the statute in that it is far more restrictive

6

Samuel Rand v. National Financial Insurance Company
Case No.

since it requires an individual to be "completely unable to engage in your regular occupation or profession."

43. RAND is still totally disabled according to Florida law and should be receiving monthly disability payments.

44. As a result of NATIONAL FINANCIAL'S violation of Florida Statute §627.4233, RAND has been forced to retain undersigned counsel and is obligated to pay him a reasonable attorney's fee.

WHEREFORE Plaintiff, SAMUEL RAND, demands judgment against Defendant, NATIONAL FINANCIAL INSURANCE COMPANY, a Texas corporation, for compensatory damages, prejudgement interest, reasonable attorney's fees, costs associated with this action, and any other relief this Court deems just and proper, after trial by jury.

## COUNT IV
## FRAUDULENT MISREPRESENTATION

45. RAND realleges paragraphs 1 - 21 and incorporates them herein.

46. NATIONAL FINANCIAL misrepresented or omitted to RAND that he was contractually entitled to receive monthly benefits as well as a waiver of the insurance premiums pursuant to both policies of insurance upon being declared totally disabled.

47. NATIONAL FINANCIAL knew that this misrepresentation or omission was a false representation leading RAND to believe he was only entitled to receive a waiver of the premiums and no monthly disability payments.

48. RAND was never informed by NATIONAL FINANCIAL that he was entitled to

7

Samuel Rand v. National Financial Insurance Company
Case No.

monthly benefits in addition to waiver of premiums.

49.    RAND detrimentally relied upon the misrepresentation or omission put forth by

NATIONAL FINANCIAL and did not seek to collect the monthly benefit payments he was entitled

to under both policies.

50.    As a result of NATIONAL FINANCIAL's omission of material fact, RAND was

forced to retain undersigned counsel and is obligated to pay him a reasonable attorney's fee.

WHEREFORE Plaintiff, SAMUEL RAND, demands judgment against Defendant,

NATIONAL FINANCIAL INSURANCE COMPANY, a Texas corporation, for compensatory

damages, prejudgement interest, reasonable attorney's fees, costs associated with this action, and any

other relief this Court deems just and proper, after trial by jury.

### COUNT V
### ESTOPPEL

51.    RAND realleges paragraphs 1 - 21 and incorporates them herein.

52.    NATIONAL FINANCIAL declared RAND totally disabled under policy A and policy

B retroactive.

53.    NATIONAL FINANCIAL waived RAND's premium payments under both policies

due to his total disability.

54.    NATIONAL FINANCIAL knew it had deemed RAND totally disabled and waived

his premium payments, yet they did not pay his monthly disability payments.

55.    Therefore, NATIONAL FINANCIAL is now estopped from claiming that RAND is

not totally disabled for purposes of monthly insurance benefits since it admitted his disability under

8

Samuel Rand v. National Financial Insurance Company
Case No.

both policies in reference to waiver of premiums.

56.    As a result, RAND WAS forced to retain undersigned counsel and is obligated to pay him a reasonable attorney's fee.

WHEREFORE Plaintiff, SAMUEL RAND, demands judgment against Defendant, NATIONAL FINANCIAL INSURANCE COMPANY, a Texas corporation, for compensatory damages, prejudgement interest, reasonable attorney's fees, costs associated with this action, and any other relief this Court deems just and proper, after trial by jury.

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

DATED this ___/3__ day of January, 2000.

> HIGH STACK LAZENBY
> PALAHACH & FEILER
> 3929 Ponce de Leon Boulevard
> Coral Gables, FL 33134
> Telephone 305-443-3329
> Telefax 305-443-0850
>
> By: _____
>        Michael Palahach
>        Florida Bar No.164232

JAN 2 6 2000



IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

SAMUEL RAND,

     Plaintiff,

v.

NATIONAL FINANCIAL INSURANCE
COMPANY, a Texas corporation,

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

     Plaintiff, SAMUEL RAND, pursuant to the Florida Rules of Civil Procedure, request that

Defendant produce the following documents and tangible things for inspection and copying at the

office of counsel for plaintiffs within forty five (45) days of service of these requests, or at such other

time as ordered by the Court:

     1.     A complete copy of National Financial Insurance Company's disability policy number

83W750518H.

     2.     A complete copy of National Financial Insurance Company's disability policy number

83W740234H.

# EXHIBIT "A"

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served contemporaneously with this Complaint.

DATED this _13_ day of January, 2000.

HIGH STACK LAZENBY
PALAHACH & FEILER
3929 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone 305-443-3329
Telefax 305-443-0850

By: _____
Michael Palahach
Florida Bar No. 164232
Attorney for Plaintiff

2



ATTACHMENT / EXHIBIT B



RECYCLED PAPER

Find these Local Businesses ONLINE

## Physicians & Surgeons- MD-Family Practice



**Consumer Tips**

**Physicians & Surgeons - MD - Family Practice**

**FOR FREE Consumer Information Call**

# 954-677-1322

and enter the code of your choice

8715 Choosing A Doctor For Your Family.
8716 Family Insurance Coverage.
8717 Check-Ups.
8718 Emergency Care.

Alberne Luis MD PA
5000 Hollywood Blvd ---------------------- 981-8580
**ANTHONY STEPHEN G MD**
3702 Washington St ---------------------- 981-5100
**BIEN-AIME TONY M**
Diplomate American Board
Of Family Practice
19503 NW 7th St ---------------- 305 621-8080
Bourque Jean-Claude MD
1750 E Hallandale Beach Blvd Hlndl ----- 458-2572
Briones Robert MD 6710 Taft St ---------- 985-8299
**EKLADIOS EMAD E MD**
BOARD CERT. FAMILY MEDICINE
PRIMARY HEALTH CARE
MOST INSURANCE ACCEPTED
1117 E Hallandale Beach Blvd Hlndl - 454-6300
**FAMILY MEDICAL CENTRE**
**WAYNE H. CASE, M.D., P.A.
ROBERT S. TOMCHIK, M.D., P.A.**
FAMILY PRACTICE
By Appointment
PINES PROFESSIONAL CAMPUS
**436-1927**
17933 NW 7th St Pmbrk Pns ------- 436-1927
Feldman Warren G MD 1150 N 35th Av --- 981-6680
General Practice Associates Referral Line
3301 Johnson St ---------------------- 989-9064
**GRAUBARD HOWARD M MD PA**
12550 Pines Blvd Pmbrk Pns --------435-6988
Graubert Alan S MD 1761 NW 123rd Av
Pmbrk Pns ---------------------------- 436-1212
Israel Steven L MD
4060 Sheridan St ---------------------981-8250
Nights Sundays & Holidays ------------981-8250
Koby Richard A MD 1761 NW 123rd Av
Pmbrk Pns ---------------------------- 436-1212
**KOSCHE KATHERINE A MD PHD
GASTROENTEROLOGY & NUTRITION**
601 N Flamingo Rd Pmbrk Pns ------ 436-1400
Lakhani Habeeb A MD 11260 Pines Blvd
Pmbrk Pns ---------------------------- 442-3400
**LAMET MARK MD**
1150 N 35th Av ---------------------- 961-7771
**MARTINEZ CARLOS MD**
General & Family Practice
425 N FEDERAL HWY ---------------- 922-5668
Nights Sundays & Holidays ------------922-5668
Mezeraine Anselmo MD 7389 Davie Rd Ext
Davie ------------------------------- 430-0799
**MEZERHANE MIGUEL MD**
6517 Taft St ------------------------ 983-9191
**MORLOTE MANUEL M MD**
6301 Pembroke Rd --------------------961-8394
**PALM SPRINGS MEDICAL SERVICES OF
SOUTH FLORIDA**
12133 Pembroke Rd Pmbrk Pns --------430-2240
Pan American Health Care
6099 Hollywood Blvd -----------------963-6530
**PEPE HARRY N III MD**
6248 Miramar Pkwy Miramar --------- 981-4811
**PINES WEST MEDICAL CENTER**
8951 Pembroke Rd Pmbrk Pns --------431-4144
**POPKIN CATHERINE D MD FACP
GASTROENTEROLOGY & NUTRITION**
601 N Flamingo Rd Pmbrk Pns ------- 436-1400

---

**RAND SAMUEL MD**
FAMILY PRACTICE
NEW PATIENTS WELCOME
ALL INSURANCE ACCEPTED
Member Of:
Memorial Hospital
Memorial West
Hollywood Medical Center
4480 Sheridan St --------------- 966-3300
**REINES RICHARD A MD PA**
4614 Hollywood Blvd Hlwd ----------- 987-7230
**REYES AURELIO MD**
3700 Washington St ----------------- 983-3233
**ROCA ARMANDO E MD**
6301 Pembroke Rd ------------------- 961-8394
**ROSENTHAL DESIREE MD**
2500 E Hallandale Beach Blvd Hlndl ---- 458-7766
**SAFECARE MEDICAL CENTER**
1117 E Hallandale Beach Blvd Hlndl --- 454-6300
Sheridan Medical Group Of Hallandale
200 E Hallandale Beach Blvd Hlndl -------457-8305
**SOUTH FLORIDA MEDICAL CENTER**
6301 Pembroke Rd ------------------- 961-8394
Velasco Fermin MD 1941 N 66th Av ----- 989-5555
**WIESENTHAL NORMAN MD**

### BOARD CERTIFIED FAMILY PRACTICE

**EMERALD HILLS MEDICAL SQUARE**

4440 Sheridan St ----------------- 963-4280
Nights Sundays & Holidays -------- 963-4280

Wolkow Selly MD 1208 S Federal Hwy Dania
---------------------------------------- 922-7400
Zalis Brian A MD 1761 NW 123rd Av
Pmbrk Pns --------------------------- 436-1212
**ZAPPI RAUL E MD**
2500 E Hallandale Beach Blvd Hlndl ---- 455-1229

## Physicians & Surgeons- MD-Gastroenterology (Digestive Disorders)



**Consumer Tips**

**Physicians & Surgeons - MD - Gastroenterology (Digestive Disorders)**

**FOR FREE Consumer Information Call**

# 954-677-1322

and enter the code of your choice

8720 When To See A Gastroenterologist.
8721 Choosing A Gastroenterologist.
8722 Important Questions To Ask.
8723 Emergencies.

**BENNETT CAREN J MD**

### GASTROENTEROLOGY CONSULTANTS PA

4700-M Sheridan St ------------ 961-8400
601 Flamingo Rd ------------ 954 431-7724

Children's Center Gastroenterology & Nutrition
1150 N 35th Av ---------------------- 967-9400
( Classification Continued Next Page )

---

# CENTER FOR GASTROENTEROLOGY AND NUTRITION

*Specialists in Personalized Care*

- Disorders of the Digestive System
- Irritable Bowel Syndrome
- Liver Diseases
- Colon Cancer & Polyp Screening
- Rectal Bleeding
- Gallbladder

- Pancreas
- Ileitis and Colitis
- Ulcers
- Esophageal Motility
- Abdominal Pain
- Office Endoscopy
- Laser Treatments



CATHERINE D. POPKIN M.D., F.A.C.P.

**Diplomates, American Board of Gastroenterology & Internal Medicine**



KATHERINE A. KOSCHE M.D., Ph. D.

**★ NUTRITIONAL COUNSELING ★**

Medicare Accepted • Most Health Plans Accepted
Se Habla Español

## 436-1400
601 N. FLAMINGO RD., PEMBROKE PINES
MEMORIAL WEST HOSPITAL

## 966-9900
1150 N. 35th AV., HOLLYWOOD
MEMORIAL REGIONAL HOSPITAL

---

# DISEASES OF THE GASTROINTESTINAL TRACT LIVER, PANCREAS & GALL BLADDER

**MARK LAMET, M.D. FACG • BARRY MIGICOVSKY, M.D.**

Board Certified • Gastroenterology • Endoscopy
Intestinal Disorders, Gas, Rectal Bleeding, Ulcers
Procedures Can Be Performed In Office Setting



We Accept Assignment • We Bill Insurance Direct
Medicare Participants & Managed Care • Most Insurances Accepted

SAME DAY APPOINTMENTS WELCOME

9am To 5pm MON. - FRI.

# 961-7771

24 Hour On-Call

| EAST | WESTON | WEST |
|------|--------|------|
| Memorial Medical Office Center 1150 N. 35 Ave, Suite 445 HOLLYWOOD | Weston Medical Centre 1855 N. Corporate Lakes Blvd. FT. LAUDERDALE | 601 N. Flamingo R Suite 103 MEMORIAL WES |

© BellSouth Advertising & Publishing Corporation 1999

| | |
|---|---|
| Ramirez Kassandra 921 N 73rd Av Hlwd | 894-9868 |
| Ramirez Kristina 7620 NW 32nd Pl Davie | 442-8460 |
| Ramirez Leoncio 3355 El Jardin Dr | 450-4029 |
| Ramirez Ligia 16195 NW 12th Dr | 432-7582 |
| Ramirez Linda 4021 SW 59th Av Hlwd | 964-8903 |
| Ramirez Lissy A 300 SW 100th Av Pmbrk Pns | 450-9454 |
| Ramirez Louise 219 NE 14th Av Hlwd | 455-9759 |
| Ramirez Loyda 15185 SW 44th St Miramar | 438-3834 |
| Ramirez Luis 6460 Allen St Hlwd | 981-1734 |
| Ramirez Luis 2403 Cleveland St Hlwd | 925-4852 |
| Ramirez Luis 4001 S Ocean Dr Hlwd | 454-3278 |
| Ramirez Luis 7400 Stirling Rd | 433-3248 |
| Ramirez Luis 17327 SW 22nd Ct | 430-8754 |
| Ramirez Luis Fernando | |
| 6730 Arbor Dr Miramar | 987-2027 |
| Ramirez Luis & Nidia | |
| 1095? NW 20th St Pmbrk Pns | 430-8487 |
| Ramirez Luz Marina 721 N 65th Ter Hlwd | 894-7457 |
| Ramirez M 2002 NW 181st Av Pmbrk Pns | 435-7787 |
| Ramirez M 2002 NW 181st Av Pmbrk Pns | 442-8715 |
| Ramirez Marcos 1301 N 69th Av Hlwd | 963-7820 |
| Ramirez Marcus 1367 NW 155th Ln Pmbrk Pns | 441-5861 |
| Ramirez Maria 13350 SW 1st St Pmbrk Pns | 438-9594 |
| Ramirez Maria 10108 SW 13th St Pmbrk Pns | 450-2602 |
| Ramirez Maria 906 SW 180th Ter | 432-7832 |
| Ramirez Maria B 956 SW 180th Ter Pmbrk Pns | 430-2775 |
| Ramirez Marlene 8881 NW 8th St Pmbrk Pns | 433-4951 |
| Ramirez Martha L 17921 SW 33rd St Miramar | 450-4974 |
| Ramirez Mauro A 17 SE 2nd St Dania | 923-3865 |
| Ramirez Maxima 9988 Daffodil Ln Miramar | 431-6010 |
| Ramirez Miriam 11600 SW 124th Ter | 704-8022 |
| Ramirez N 2241 Sherman Cir S | 442-3069 |
| Ramirez Nancy 10125 SW 16th St Pmbrk Pns | 436-7474 |
| Ramirez Nelson 9110 NW 3rd St Pmbrk Pns | 435-6770 |
| Ramirez Nelson N CFP 1926 Tyler St | 927-0109 |
| Ramirez Nelson N & Sharon | |
| 862 Washington St | 927-1621 |
| Ramirez Noemi B | |
| 1582 NW 182nd Way Pmbrk Pns | 438-4260 |
| Ramirez Norma 7550 Stirling Rd | 430-0686 |
| Ramirez O 5 Palm St | 989-6893 |
| Ramirez Olga 405-1/2 S 21st Av Hlwd | 927-9955 |
| Ramirez Orlando 11383 SW 66th St Pmbrk Pns | 438-8582 |
| Ramirez Oscar 12148 St Andrews Pl Miramar | 441-9889 |
| Ramirez Pedro B | |
| 2101 NW 111th Ter Pmbrk Pns | 431-3629 |
| Ramirez Peter 2500 Diana Dr Hlwd | 454-9324 |
| Ramirez R A | 433-0991 |
| Ramirez R A 5808 W Park Rd Hlwd | 965-8501 |
| Ramirez Rafael Antonio | |
| 15281 SW 50th St Miramar | 438-3525 |
| Ramirez Rene 2506 Pierce St | 921-4529 |
| Ramirez Rbyne E 800 SW 113th Ter Pmbrk Pns | 438-1679 |
| Ramirez Roberto 112 SW 1st St | 458-9243 |
| Ramirez Rodolfo 7530 La Salle Blvd Miramar | 893-0757 |
| Ramirez Rosa 12972 SW 33rd St | 442-7521 |
| Ramirez Rosiris 5629 Taylor St Hlwd | 961-8549 |
| Ramirez S 9921 SW 9th Ct | 704-0556 |
| Ramirez Stephen 8831 NW 11th Ct Pmbrk Pns | 450-8082 |
| Ramirez Theresa 3601 Monroe St | 986-2993 |
| Ramirez Victor M & Damaris | |
| 3300 SW 139th Av Miramar | 431-7008 |
| Ramirez W | 962-6703 |
| Ramirez William 9988 Daffodil Ln | 431-0249 |
| Ramirez William 300 NE 1st Ct Hlwd | 457-6648 |
| Ramirez Y 11799 SW 16th St Pmbrk Pns | 442-3783 |
| Ramirez-Diaz H 400 Leslie Dr Hlwd | 456-5738 |
| Ramirez Hector 4909 SW 31st Ter Dania | 893-8272 |
| Ramis Juan 1980 S Ocean Dr | 458-9900 |
| Ramiz I 1535 Whiey St | 920-5731 |
| Ramiz Rene 713 SW 7th Ter Hlwd | 456-3223 |
| Ramjattan Larry | 704-4958 |
| Ramjattan Lennie & Ria 251 SW 95th Av | 443-2424 |
| Ramjohn Aphzal 6129 SW 22nd Ct Miramar | 963-8186 |
| Ramjohn Elton 1628 NW 90th Way Pmbrk Pns | 438-9072 |
| Ramjohn Hakim 12842 NW 18th Ct Pmbrk Pns | 441-0598 |
| Ramjohn Martine 10432 NW 8th St | 442-2008 |
| Ramkishun Vinoojh 225 N 62nd Av Hlwd | 985-2687 |
| Ramkissoon Aswinne | |
| 580 NW 25th Pns Pmbrk Pns | 450-6243 |
| Ramkissoon Aswinne | |
| 580 NW 159th Av Pmbrk Pns | 450-6641 |
| Ramkissoon Bhoopaul | |
| 1475 SW 85th Ter Pmbrk Pns | 437-1028 |
| Ramkissoon Gobin & Maria 114 Edmund Rd | 961-2940 |
| Ramkissoon Vijay 1903 Plunkett St Hlwd | 921-6508 |
| Ramlal Rajranie 5727 Polk St | 989-5908 |
| Ramlal Rhea 1080 W Fairway Rd Pmbrk Pns | 441-1181 |
| Ramlochan M 5828 W Park Rd | 894-3010 |
| Ramlochan Sherrie 2400 S Park Rd Pmbrk Pns | 962-2167 |
| Ramlogan Dave 9093 SW 22nd St Miramar | 436-5520 |
| Ramlogan Jennifer 6730 Arbor Dr Miramar | 963-6049 |
| Ramlogan Rissoondeth 6314 Lincoln St Hlwd | 893-5266 |
| Ramlow Harold M & Silvia P | |
| 1110 NW 173rd Av Pmbrk Pns | 436-2866 |
| Ramnarth Ravi 356 SW 11th Way Pmbrk Pns | 442-1827 |
| Ramner Hernon 7778 Granada Blvd Miramar | 987-1963 |
| Ramnarace Mahadeo | |
| 7820 Paramba St Miramar | 893-0920 |
| Ramnarain Akash 6800 SW 8th St Pmbrk Pns | 983-5092 |
| Ramnarain Lisa 12123 SW 2nd St Pmbrk Pns | 704-1665 |
| Ramnarine Isaac 11551 SW 11th St Pmbrk Pns | 435-8949 |
| Ramnarine S 4001 SW 18th St | 963-9337 |
| Ramnath A 2836 Island Dr Miramar | 987-8343 |
| Ramnauth Rabindranauth & Yantra | |
| 18931 NW 10th St Pmbrk Pns | 433-9236 |
| Ramnauth Rupert & Expert | 963-4078 |
| Ramo Joseph 1200 St Charles Pl Pmbrk Pns | 431-4073 |
| Ramo Julius N 300 Berkley Rd | 989-3559 |
| Ramo Scott & Valerie | |
| 12835 NW 21st Ct Miramar | 441-1959 |

| | |
|---|---|
| Ramon Alejandro 16775 NW 12th St | 430-0931 |
| Ramon Alfred P 355 SW 198th Ter Pmbrk Pns | 441-5286 |
| Ramon Pablo F 1375 SW 101st Way Pmbrk Pns | 435-2753 |
| Ramon Pio 12154 Washington St | 437-7943 |
| Ramona's Unisex Hair Salon Inc | |
| 7991 Johnson St | 964-7220 |
| Ramonde William 12 SE 13th Ter Dania | 925-9318 |
| Ramos Dequeze 702 SE 3rd Ln Dania | 925-6908 |
| Ramos Aiki 7021 SW 16th St Pmbrk Pns | 894-2369 |
| Ramos Alan O 2731 Taft St Hlwd | 923-7105 |
| Ramos Alan 4240 NW 1st St Pmbrk Pns | 432-6209 |
| Ramos Ana 2477 SW 177th Av Miramar | 430-5867 |
| Ramos Antonita 1441 NW 154th Ln | 443-0734 |
| Ramos Arturo 6026 Mayo St | 983-9917 |
| Ramos C | 927-7099 |
| Ramos C 6270 Arbor Dr Miramar | 983-4595 |
| Ramos C 11560 NW 10th St Pmbrk Pns | 433-8165 |
| Ramos-Cabrera Carmen 827 Nash St Hlwd | 456-4870 |
| Ramos Carlos 4300 Sheridan St Hlwd | 894-7961 |
| Ramos Corrine 31 SE 7th St | 927-4374 |
| Ramos Daniel 6018 Filmore St | 894-2217 |
| Ramos Daniel 550 SW 138th Av Pmbrk Pns | 442-2759 |
| Ramos David & Diane | |
| 3245 SW 61st Av Miramar | 987-1868 |
| Ramos Delmer 7808 Miramar Pkwy | 987-9426 |
| Ramos Diego & Marta 12600 SW 5th Ct | 704-2852 |
| Ramos Eddie 9458 SW 5th St | 430-9015 |
| Ramos Edward 16325 NW 11th St Pmbrk Pns | 435-1960 |
| Ramos Efrain 3150 SW 36th Av | 987-9352 |
| Ramos Eladio 17678 SW 31st Ct Miramar | 442-9642 |
| Ramos F 1227 S 21st Av | 920-6710 |
| Ramos Felix 5300 Washington St | 963-9706 |
| Ramos Felix D 26 Diplomat Pkwy Hlwd | 456-8348 |
| Ramos Fernando & Elizabeth | |
| 102 SW 204th Av | 437-8920 |
| Ramos Flip | 987-3712 |
| Ramos Flip 2031 N 52nd Av Hlwd | 987-1161 |
| Ramos Floribelia | |
| 15637 NW 12th Mnr Pmbrk Pns | 433-2218 |
| Ramos Francisca 8740 Sherman Cir N Miramar | 442-8764 |
| Ramos Francisco 209 SW 3rd Av Hlwd | 457-7726 |
| Ramos Francisco A | |
| 3162 SW 137 st Ter Miramar | 432-8163 |
| Ramos Frank 1410 S Ocean Dr | 920-5992 |
| Ramos George 3550 SW 128th Av Miramar | 620-5368 |
| Ramos George 3550 SW 128th Av Miramar | 431-8627 |
| Ramos George M 3550 SW 128th Av Miramar | 431-5814 |
| Ramos Gladys 1111 SW 84th Ter | 450-3247 |
| Ramos Harry B 10340 Fig Ct Pmbrk Pns | 431-4651 |
| Ramos Iris 3316 El Jardin Dr Dania | 442-1608 |
| Ramos Ivan 7 N Federal Hwy Hlwd | 924-8353 |
| Ramos J 7685 Sherman Cir N | 438-5024 |
| Ramos d 6200 Fillmore St | 987-3976 |
| Ramos Jacqueline 1953 Taft St Hlwd | 927-9675 |
| Ramos Jenni 2528 Arthur St | 962-1532 |
| Ramos Jesus 7560 Hayes St | 963-1632 |
| Ramos Joan 2701 Pine Tree Dr Hlwd | 983-0832 |
| Ramos John 8848 Southampton Dr Miramar | 433-8941 |
| Ramos Jose 250 SW 12th St Dania | 921-2971 |
| Ramos John ESQ atty | |
| 2131 Hollywood Blvd Hlwd | 920-8282 |
| Ramos Jorge Luis 2210 Harding St | 927-9808 |
| Ramos Jose 6450 Harding St Hlwd | 967-1169 |
| Ramos Jose 6450 Harding St | 967-2997 |
| Ramos Jose 307 N 24th Av | 922-2377 |
| Ramos Jose 9501 NW 10th St Pmbrk Pns | 432-0286 |
| Ramos Joseph 1306 S 13th Av Hlwd | 964-6768 |
| Ramos Joseph 2110 Emerald Pointe Dr Hlwd | 987-6960 |
| Ramos Joseph 1290 NW 166th Av Pmbrk Pns | 435-7001 |
| Ramos Joseph J 602 MW 183rd Ter Pmbrk Pns | 430-8036 |
| Ramos Juana M 1911 SW 100th Av Miramar | 437-1513 |
| Ramos Julio 920 SE 2nd Av Hlwd | 458-2859 |
| Ramos L 4041 SW 68th Way | 964-8418 |
| Ramos L D 3125 MW 79th Way Dania | 433-7375 |
| Ramos L E 5230 Hollywood Blvd Hlwd | 967-3198 |
| Ramos Leo 2421 N 40th Av Hlwd | 985-0201 |
| Ramos Lissette 6112 Arthur St | 964-0738 |
| Ramos Louis 1430 Cookidge St | 984-9645 |
| Ramos Luis | 436-8926 |
| Ramos Luis 6510 SW 4th St Pmbrk Pns | 986-6549 |
| Ramos M 401 SE 3rd Av Hlwd | 455-4284 |
| Ramos M 5300 Washington St Hlwd | 963-3849 |
| Ramos Madalyn 8700 Sherman Cir N | 431-4038 |
| Ramos Manuel Antonio | |
| 3640 SW 47th Av Hlwd | 894-5843 |
| Ramos Marco A 1400 N 70th Ter Hlwd | 985-4390 |
| Ramos Maria 17008 NW 22nd St Pmbrk Pns | 441-1228 |
| Ramos Maria 240 SW 58th Mnr Dania | 983-8946 |
| Ramos Maria A 900 N 66th Ter | 961-5724 |
| Ramos Mario 3135 S Ocean Dr | 456-1486 |
| Ramos Mauro 3310 Taft St | 966-8956 |
| Ramos Mayra 173 SW 11th Av Dania | 458-5636 |
| Ramos Michele 3600 N 56th Av | 981-9067 |
| Ramos Michell 2061 MW 96th Ter | 443-1086 |
| Ramos Miguel Angel 2432 Garfield St | 927-2286 |
| Ramos Modesto 7161 Wilson St | 981-0497 |
| Ramos Nancy & Gerardo | |
| 6740 SW 12th St Pmbrk Pns | 961-7485 |
| Ramos Nilo J 800 S 52nd Av | 985-8725 |
| Ramos Ninfas 901 HE 5th St Hlwd | 454-7344 |
| Ramos Octavio 3138 SW 177th Av Miramar | 926-5443 |
| Ramos Olga 10221 Cypress Ct | 704-1431 |
| Ramos Oscar & Eleonora | |
| 18052 SW 33rd St Miramar | 436-8986 |
| Ramos Pablo | 438-5823 |
| Ramos Paula M 7761 NW 32nd St Davie | 430-3126 |
| Ramos Porfirio 13011 NW 1st St | 438-2153 |
| Ramos Porfirio 13011 NW 1st St | 443-3259 |
| Ramos Radames 8886 SW 3rd St | 443-1238 |
| Ramos Raul 7221 Venetian St Miramar | 893-9644 |
| Ramos Reynol 3255 SW 61st Av Miramar | 961-3742 |

| | |
|---|---|
| Ramos Reynol H 3255 SW 61st Av | 964-4354 |
| Ramos Ricardo 7360 NW 38th St | 442-7825 |
| Ramos Roberto 339 NW 152nd Av Pmbrk Pns | 450-0844 |
| Ramos Rolando 18571 MW 19th St Pmbrk Pns | 430-4374 |
| Ramos Rolando 200 NW 78th Ter Pmbrk Pns | 964-5499 |
| Ramos Roxanne 451 S 19th Av | 921-0634 |
| Ramos Rudy 10160 NW 6th St Pmbrk Pns | 436-4870 |
| Ramos S 2200 NW 170th Av | 442-8989 |
| Ramos Salvador 1613 N 58th Av | 963-9560 |
| Ramos Sandra 2247 Roosevelt St | 922-6097 |
| Ramos Serafin 305 NW 84th St Pmbrk Pns | 431-2646 |
| Ramos Sigfredo 7304 Cleveland St | 923-1142 |
| Ramos Thomas 2304 Cleveland St | 923-9690 |
| Ramos Vidal 1210 N 71st Av | 985-1208 |
| Ramos Xiomara 2011 SW 97th Av Hlwd | 441-0402 |
| Ramos Yohany 11201 SW 55th Ct | 623-2862 |
| Rampal M 2940 E Missonwood Ln | 450-3512 |
| Rampal Saviti | |
| 3026 W Missionwood Ln Miramar | 432-3619 |
| Rampassard Shereena 726 SW 7th St Hlndl | 456-0271 |
| Rampat Lanelle K Veda 1390 NW 154th Av | 438-4392 |
| Rampe Earl III 6930 SW 5th Ct Pmbrk Pns | 962-6818 |
| Rampersad Errol P 9120 H Fern Ln Miramar | 436-7775 |
| Rampersaud Veronia | |
| 7330 Pembroke Rd Miramar | 961-0067 |
| Ramphal Indrawati | |
| 3111 SW 9th Ter Pmbrk Pns | 430-3261 |
| Ramphali Askar & Nirmala | |
| 10060 Sheridan St | 435-2996 |
| Rampie Gloria 8971 NW 8th St Pmbrk Pns | 432-2024 |
| Rampino M 901 SW 128th Ter Pmbrk Pns | 437-2521 |
| Ramprasad Agnes 2411 N 58th Av | 963-7351 |
| Ramprasad Revknti 7560 NW 1st St Pmbrk Pns | 964-3877 |
| Ramprasad Sharon 7560 NW 1st St Pmbrk Pns | 964-7757 |
| Rampulla Francis 5759 Washington St | 989-7804 |
| Rampulla Lisa 1740 Cleveland St | 927-0292 |
| Ramroop Adesh 7600 Pembroke Rd Miramar | 983-0342 |
| Ramroop Anirudh 127 N 63rd Av Hlwd | 963-3541 |
| Ramroop David P | |
| 6605 Emerald Lake Dr Miramar | 894-4918 |
| Ramroop R R 11701 SW 2nd Ct Pmbrk Pns | 435-9420 |
| Ramroop W 901 SW 128th Ter Pmbrk Pns | 437-2521 |
| Ramsahaie Randeo 609 SW 4th St Hlwd | 985-5656 |
| Ramsaman Harekine 1360 NW 185th Ter | 450-5271 |
| Ramsaran Anthony & June | |
| 2618 Gulfstream Dr Miramar | 987-7793 |
| Ramsay Akvereta 6711 SW 26th St Miramar | 967-6650 |
| Ramsay B 23 Boxwood Rd Miramar | 966-9442 |
| Ramsay C K MSW 801 NE 5th St Hlndl | 454-8388 |
| Ramsay D & M 600 SW 100th Av Pmbrk Pns | 437-2981 |
| Ramsay Donald 521 MW 197d Av Pmbrk Pns | 431-0544 |
| Ramsay Donald P 704 NW 177th Av Pmbrk Pns | 435-4616 |
| Ramsay Hopeton 8660 S Lexington Dr Miramar | 437-1467 |
| Ramsay Maria 7410 Plantation Blvd Miramar | 963-6651 |
| Ramsay P 2515 Polk St | 925-5854 |
| Ramsay Patricia 2525 Hollywood Blvd Hlwd | 926-7548 |
| Ramsay Sharon 116 SE 4th St | 456-9718 |
| Ramsay T 801 NE 5th St Hlndl | 457-7219 |
| Ramsdell Michael 1151 S Park Rd Hlwd | 894-0440 |
| Ramsden Robert 4 2106 N Ocean Dr Hlwd | 929-9836 |
| Ramser Henry J 1411 Mayo St | 922-4004 |
| Ramser Ralph & Linda 2201 N 47th Av | 989-7659 |
| Ramsey Angela 8510 Sherman Cir N | 430-2953 |
| Ramsey-Benya C 1818 Garfield St Hlwd | 925-2967 |
| Ramsey Donald 521 NW 197th Av Pmbrk Pns | 431-8094 |
| Ramsey Elmer 4617 SW 38th Ter Ft L | 987-8379 |
| Ramsey Farel 16170 NW 12th Pns Pmbrk Pns | 438-1644 |
| Ramsey Farel & Pamela | |
| 16170 NW 12th Pns Pmbrk Pns | 438-2857 |
| Ramsey Harold T 2221 Lincoln St | 925-0842 |
| Ramsey James 1501 Van Buren St | 921-2029 |
| Ramsey Jean 166 Ocean Waterway Blvd Dania | 704-2970 |
| Ramsey Joan 12103 SW 11th Ct Pmbrk Pns | 436-6997 |
| Ramsey Jodi 4010 SW 28th Ter | 989-4652 |
| Ramsey John R & Peggie C | |
| 8120 NW 15th St Pmbrk Pns | 436-9330 |
| Ramsey Julia | 894-2228 |
| Ramsey Kelley 13501 NW 3rd St | 443-9607 |
| Ramsey L 7600 NW 1st St Pmbrk Pns | 964-8305 |
| Ramsey Marion 12955 SW 16th Ct Miramar | 436-3640 |
| Ramsey Marvin & Jennifer | |
| 18270 NW 8th St Pmbrk Pns | 450-0659 |
| Ramsey Nancy 12031 NW 11th St | 435-5864 |
| Ramsey P 1006 SW 112th Ter Pmbrk Pns | 430-5284 |
| Ramsey Roger 1615 S 14th Av | 925-4998 |
| Ramsey Shella 4 3561 NW 11th St Pmbrk Pns | 435-1825 |
| Ramson Estella 4221 SW 25th St | 966-5943 |
| Ramson L O 11800 NW 23rd Ct Pmbrk Pns | 431-8518 |
| Ramsumair Shanti 8901 Miramar Pkwy | 431-2499 |
| Ramstyak Jerry 5000 NW Texas Road 7 | 966-1944 |
| Ramsumair Shareen Ali | |
| 10070 NW 6th St Pmbrk Pns | 433-2464 |
| Ramundo Edward 1801 S Ocean Dr Hlndl | 457-7036 |
| Ramunno Edward 1404 Hollywood Blvd | 927-4026 |
| Ramunno Michael 4 4205 Mcinley St Hlwd | 961-2903 |
| Ramzan Faiza 2172 E Apopa Ct Hlwd | 442-2256 |
| Rana Hosel 110 Clifton Rd Hlwd | 962-2893 |
| Rana Joseph 303 NW 85th Way | 435-3929 |
| Rana Mohammad | |
| 619 SW 167th Way Pmbrk Pns | 442-2110 |
| Rana Mohammad 619 SW 167th Way | 442-8142 |
| Rana Mohammed | 443-2464 |
| Rancatore E 18281 SW 32nd St Miramar | 432-4561 |
| Rancatore E 18281 SW 32nd St Miramar | 438-6451 |
| Ranch School House Child Development | |
| Center 5610 Washington St | 985-9639 |
| Rancher B 829 SW 9th St Hlwd | 920-2015 |
| Rancher C 4021 SW 20th St | 981-8052 |

| | |
|---|---|
| Ranco Construction Corp Of South | |
| Florida 2514 Hollywood Blvd | 920-3350 |
| Rancourt Jean Luc 5000 SW 28th Ct Pmbrk Pns | 963-4723 |
| Rancusi M 3530 SW 40th St | 921-8479 |
| Rancusi M 3530 SW 40th St | 985-1855 |
| Rand Alfred E 3209 S Ocean Dr Hlndl | 456-6687 |
| Rand Claire & Izzy 3800 N Hills Dr Hlwd | 966-4965 |
| Rand David G 611 N 66th Av | 961-6151 |
| Rand Eleazer E 2000 Atlantic Shores Blvd Hlndl | 457-0139 |
| Rand Electric | 489-0210 |
| Rand Florence 1201 S Ocean Dr | 920-5351 |
| Rand George W 16 Roads End Dr Miramar | 962-3230 |
| Rand Gregory 2140 N 49th Av | 966-3029 |
| Rand Gregory Jonathan atty | |
| | 966-3301 |
| | 966-3303 |
| Rand Jay M 3223 Old Oak Ln | 981-2705 |
| Rand Jay M CPA 450 N Park Rd | 966-5940 |
| Rand Jeffrey L MD PA | |
| 12333 NW 18th St Pmbrk Pns | 430-8820 |
| Rand Kevin 15973 SW 4th St Pmbrk Pns | 433-5337 |
| Rand L 7410 Pembroke Rd Miramar | 986-6527 |
| Rand Martin 4841 Thomas St Hlwd | 989-7956 |
| Rand Robert 3901 S Ocean Dr Hlndl | 456-9068 |
| Rand Samuel MD 4480 Sheridan St | 966-3300 |
| Nights Sundays & Holidays | 966-3300 |
| Rand Seymour | 456-1713 |
| Rand Susan M DDS | |
| 12333 NW 18th St Pmbrk Pns | 433-5610 |
| Rand Thomas F dr 106 Newton Rd | 962-6018 |
| Randall Len 7937 Panama St | 981-3019 |
| Randall Adam 7400 Stirling Rd Davie | 436-6671 |
| Randall B 427 Golden Isles Dr Hlndl | 456-1979 |
| Randall Beverly 10492 SW 20th St Miramar | 431-8325 |
| Randall C 3751 SW 44th Av | 961-9438 |
| Randall C Donald 17683 SW 5th St Pmbrk Pns | 438-0925 |
| Randall Clara 1165 W Dania Beach Blvd | 921-6827 |
| Randall D D 1611 MW 120th Av Pmbrk Pns | 431-1968 |
| Randall Donald 1611 NW 120th Av Pmbrk Pns | 431-1244 |
| Randall Fred 4331 SW 25th St | 989-6703 |
| Randall James 6117 SW 40th Ct | 981-1882 |
| Randall James 3201 SW 48th Av | 963-4698 |
| Randall John 19290 NW 12th St Pmbrk Pns | 436-0395 |
| Randall John W 2300 Griffin Rd Ft L | 961-1346 |
| Randall Len 7937 Panama St | 965-8450 |
| Randall Robert David | |
| 2391 River Run Ter Miramar | 431-9180 |
| Randall Tammy 559 NW 100th Pl Pmbrk Pns | 450-8164 |
| Randall Tobin 6771 SW 10th St Pmbrk Pns | 989-4531 |
| Randazzo Alfredo 660 SW 67th Ter Pmbrk Pns | 962-1176 |
| Randazzo Anthony | |
| 901 Colony Point Cir Pmbrk Pns | 436-8103 |
| Randazzo Anthony J 1176 Polk St | 922-9401 |
| Randazzo Chris 2582 Garden Ct Pmbrk Pns | 435-9484 |
| Randazzo Frank 5300 Washington St | 961-1208 |
| Randazzo Guido 2011 Sea Grape Av Pmbrk Pns | 432-3300 |
| Randazzo Henry 5300 Washington St | 989-7997 |
| Randazzo Joseph 630 Layne Blvd Hlndl | 456-3951 |
| Randazzo Renate K | |
| 3965 Fern Forest Rd Cooper City | 435-2725 |
| Randecker James 6830 SW 8th St Pmbrk Pns | 442-3452 |
| Randecker C James 6830 SW 8th St Pmbrk Pns | 963-4826 |
| Randel Marvin J 17036 MW 15th St | 438-3647 |
| Randhawa Paramjit 5720 SW 40th Ct | 987-1201 |
| Randich Michael F 13 Dogwood Rd | 981-2964 |
| Randin Jerome 681 S Holybrook Dr Pmbrk Pns | 435-1228 |
| Randle Eddie 6650 SW 25th St Miramar | 961-3280 |
| Randle James 10700 Washington St | 704-2878 |
| Randle Karlene Jewel 940 NW 1st Pmbrk Pns | 437-6262 |
| Randle Michael dr 9641 SW 9th Ct Pmbrk Pns | 431-1965 |
| Randle Michael dr 9641 SW 9th Ct Pmbrk Pns | 437-3133 |
| Randle Peter 4881 Park St Hlwd | 986-7018 |
| Randle Richard 8680 NW 17th Ct Pmbrk Pns | 450-0981 |
| Randolph Ellen dr 1525 Thomas St Hlwd | 442-3220 |
| Randolph N 500 Three Islands Blvd Hlndl | 457-6559 |
| Randolph S F 4421 SW 32nd Av Ft L | 987-8910 |
| Randolph T 945 Gran Islands Dr Pmbrk Pns | 431-2159 |
| Randolph Type 351 NW 135th Ter Pmbrk Pns | 443-8600 |
| Randolph Z 3120 N Federal Hwy Hlndl | 455-7013 |
| Random Stationers Inc 2300 N 29th Av Hlwd | 922-9443 |
| Rands Dennis 850 Harrison St | 922-7907 |
| Randy's Catalog 116 SE 3rd Av Pmbrk Pns | 989-7685 |
| Randy's Signs Inc 3140 SW 19th St Pmbrk Pns | 966-4048 |
| Randy's Studio 3140 SW 19th St Pmbrk Pns | 431-0423 |
| Ranen L Lynn 2525 Hollywood Blvd | 920-4727 |
| Raney Anthony 10245 SW 24th Ct Pmbrk Pns | 431-1961 |
| Raney F | 441-8985 |
| Raney J 1835 SE 29th Ter | 443-8981 |
| Range Rover Warren Henry | |
| Hwy 441 & NW 192nd St Mia Miami Tel No | 653-1400 |
| Range Rover Warren Henry | |
| Hwy 441 & NW 192nd St | |
| Toll Free-Dial '1' & Then | 800 879-7757 |
| Rangel D 15362 NW 5th St Pmbrk Pns | 430-2066 |
| Rangel Fernando 208 NW 2nd Way | 931-2725 |
| Rangel Perma 1910 Mayo St | 925-1371 |
| Rangel Colin 2231 SW 68th Ter Miramar | 963-9729 |
| Ranger Communications Of America Inc | |
| 2216 Hollywood Blvd | 927-7001 |
| Ranger E 5300 Washington St | 961-9337 |
| Ranger James R 4293 Sherman St | 967-3259 |
| Ranger Lee 1301 NW 93rd Ter Pmbrk Pns | 432-3522 |
| Ranger Michele 2801 S Oakland Forest Dr | 438-5858 |
| Ranger Norman 6280 Sherman St | 987-2969 |
| Rangilal Judith 603 SW 146th Pl Pmbrk Pns | 437-1526 |
| Rangulong Sophia 6300 Hayes St | 963-1781 |
| Ranhan F 4830 SW 34th Ter Dania | 925-2165 |
| Rani Pushpa 10210 MW 3rd St Pmbrk Pns | 704-6487 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
 2/18/00              CORPORATE DETAIL RECORD SCREEN             12:22 PM
NUM: 605091        ST:FL ACTIVE/FL PROFIT        FLD: 04/01/1974
FEI#: 59-1525703
NAME     : SAMUEL RAND, M.D., P.A.
PRINCIPAL: 5251 N.37TH ST.                                   CHANGED: 08/19/86
ADDRESS    EMERALD HILLS
           HOLLYWOOD, FL 33021
RA NAME  : RAND (SAMUEL)
RA ADDR  : 4480 SHERIDAN ST.
           HOLLYWOOD, FL
ANN REP  : (1997) B  01/29/97    (1998) B  03/06/98    (1999) A  03/10/99
```

```
 2/18/00              OFFICER/DIRECTOR DETAIL SCREEN             12:22 PM
CORP NUMBER: 605091         CORP NAME: SAMUEL RAND, M.D., P.A.
TITLE: PD        NAME: RAND, SAMUEL
                       4480 SHERIDAN ST.
                       HOLLYWOOD, FL
TITLE: S         NAME: RAND, SAMUEL
                       4480 SHERIDAN ST.
                       HOLLYWOOD, FL
```

----- THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT -----

ATTACHMENT / EXHIBIT



RECYCLED PAPER



# CARLTON FIELDS

**ATTORNEYS AT LAW**

4000 INTERNATIONAL PLACE
100 S. E. SECOND STREET
MIAMI, FLORIDA 33131

MAILING ADDRESS:
P.O. BOX 019101, MIAMI, FL 33131-9101
TEL (305) 530-0050 FAX (305) 530-0055

February 11, 2000

**VIA FACSIMILE**

Michael Palahach, Esq.
High, Stack, Lazenby et al.
3929 Ponce de Leon Blvd.
Coral Gables, Florida 33134

> Re:   **Rand v. NFIC**
>       **Case No. 00-00982**
>       **Our File No. 39909.97147**

Dear Mr. Palahach:

Please find enclosed National Financial Insurance Company's ("NFIC") response to Plaintiff's January 13, 2000 Request for Production. The applicable policies are attached to NFIC's response.

In addition, the Complaint alleges that "[t]his is an action for damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees." We request that you advise if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. If Plaintiff is seeking damages which do not exceed $75,000.00, please execute the attached stipulation which indicates that the amount in controversy does not exceed $75,000.00, and kindly return the stipulation to us on or before February 16, 2000. If the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, please also advise in writing on or before February 16, 2000.

Very truly yours,

*Neil A. Covone*

Neil A. Covone

Enclosures

ATTACHMENT, EXHIBIT C

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

SAMUEL RAND ,                                    Case No. 00-00982  CA 01

      Plaintiff,

v.

NATIONAL FINANCIAL INSURANCE
COMPANY, a Texas Corporation

      Defendant.

_____/

## STIPULATION AS TO AMOUNT IN CONTROVERSY

Plaintiff, Samuel Rand, and Defendant, National Financial Insurance Company, by and

through their respective undersigned counsel, hereby stipulate that: (1) the amount in controversy

for all claims pertaining to the complaint filed by plaintiff does not exceed $75,000.00, exclusive

of interest and costs; (2) plaintiff will not claim damages in excess of $75,000.00 at trial; and (3)

National Financial Insurance Company's liability to plaintiff, if any, will not exceed $75,000.00,

exclusive of interest and costs.

HIGH, STACK, LAZENBY,
PALAHACH & FEILER
Counsel for Plaintiff
3929 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel: (305) 443-3329
Fax: (305) 443-0850

CARLTON, FIELDS, WARD, EMMANUEL
SMITH & CUTLER, P.A.
Attorneys for Defendant
NationsBank Tower at International Place
100 Southeast Second Street
Suite 4000
Miami, Florida 33131-9101
Tel.: (305)530-0550
Fax:  (305)530-0055

By:_____
      MICHAEL PALACH
      Florida Bar No.: 164232

By:_____
      PATRICIA H. THOMPSON
      Florida Bar No.: 221783

MIA#2055366.01

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

SAMUEL RAND ,

     Plaintiff,

v.

NATIONAL FINANCIAL INSURANCE
COMPANY, a Texas Corporation

     Defendant.

_____/

Case No. 00-00982  CA 01

## DEFENDANT, NATIONAL FINANCIAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, NATIONAL FINANCIAL INSURANCE COMPANY ("NFIC"), by and through its undersigned attorneys, responds to Plaintiff's January 13, 2000 Request for Production as follows:

    1.    A complete copy of National Financial Insurance Company's disability policy number 83W750518H.

**Response:  Please see the attached copy of policy number 83W750518H.**

    2.    A complete copy of National Financial Insurance Company's disability policy number 83W740234H.

**Response:  Please see the attached copy of policy number 83W740234H.**

Respectfully submitted,

CARLTON, FIELDS, WARD, EMMANUEL,
    SMITH & CUTLER, P.A
Attorneys for Defendant NFIC
NationsBank Tower at International Place
100 Southeast Second Street, Suite 4000
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By: _____
PATRICIA H. THOMPSON
Florida Bar No.: 221783
NEIL A. COVONE
Florida Bar No.: 0060763

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via facsimile and U.S. Mail to Michael Palahach, Esq., High, Stack, Lazenby, Palahach & Feiler, 3929 Ponce de Leon Blvd., Coral Gables, Florida, 33134 this 11th day of February, 2000.

By: _____
NEIL A. COVONE
Florida Bar No: 0060763

MIA#2055368.012

# POLICY NO. 83W7505184H
## ($1,500)



SPECIMEN
COPY

**SUN LIFE INSURANCE COMPANY OF AMERICA.**
(HEREINAFTER CALLED "THE COMPANY")
HOME OFFICE, BALTIMORE, MARYLAND

Insures you, the Insured named in the Policy Schedule, against loss resulting from:

(1) Sickness which first manifests itself while this policy is in force, (called "such sickness"), or

(2) Accidental bodily injuries sustained while this policy is in force, (called "such injuries"),

subject to the provisions, conditions, and exception on this and the following pages of this policy.

## NONCANCELLABLE AND GUARANTEED CONTINUABLE TO AGE 65
### AT GUARANTEED PREMIUMS

This policy is noncancellable and guaranteed continuable. You have the right, by the timely payment of premiums in the guaranteed amount stated in the Policy Schedule, to continue this policy until the policy anniversary next following your 65th birthday, during which time —

1. The Company cannot cancel this policy,
2. The Company cannot refuse to accept any premium for this policy paid before the end of the grace period,
3. The Company cannot add any restrictive rider or endorsement to this policy,
4. The Company cannot change any provision of this policy, and
5. The Company cannot increase the premium or make any additional charge for this policy.

The continuance of this policy from the policy anniversary next following your 65th birthday until the policy anniversary next following your 72nd birthday is subject to the provisions of Part 7.

NOTE: Renewal of coverage beyond age 65 may require an increase in the renewal premium after age 65

Increased Benefits — If the last premium due and paid prior to the commencement of any loss covered by this policy was on the annual or semiannual basis or the monthly preauthorized check basis, the amount of the Monthly Income Benefit for Total Disability and the Total Blindness or Double Dismemberment Benefit, as specified in the Policy Schedule, will be increased by 10% if the premium was paid on the annual basis or by 5% if it was paid on the semiannual or preauthorized check basis.

10 Day Right to Examine Policy — This policy may, at any time within 10 days after its receipt by the policyholder, be returned by delivering or mailing it to the Company or to the agent through whom it was purchased. Immediately upon such delivery or mailing, the policy will be deemed void from the beginning, and any premium paid will be refunded.

IN WITNESS WHEREOF the Sun Life Insurance Company of America has caused this policy to be executed on its date of issue.

_Secretary_                                    _President_

DI-1 (complete)    Best Available Copy

**SUN LIFE**

## Section A. Income Benefit

The Company will pay, if such sickness or such injuries result in Monthly Income Benefit or total disability specified in the Policy Schedule. Such Income Benefit will commence with the applicable First Benefit Day and will be payable during the continuance of said total disability but not for longer than the applicable Maximum Benefit Period. The Policy Schedule specifies a First Benefit Day and a Maximum Benefit Period for sickness and for accident. Those specified for accident are applicable only if the total disability results directly and without other contributing cause from such injuries or, for disability contributed to by a combination of such sickness and such injuries, if the total disability would have resulted from the injuries in the absence of the sickness. Otherwise, those specified for sickness are applicable.

## Section B. Waiver of Premiums

If you are continuously and totally disabled for at least 3 months, the Company will waive, or refund if already paid, all premiums coming due during the continuance of such total disability, including any premium which came due during said 3 months. However, no premium due on the policy anniversary immediately following your 65th birthday, or any premium due thereafter, will be waived or refunded. Upon your recovery from total disability before your 65th birthday, this policy will continue in force until the next premium due date, at which time premiums will again become payable.

## Section C. Successive Periods of Total Disability

Successive periods of total disability will be indemnified as separate periods of total disability, each subject to its own First Benefit Day and Maximum Indemnity Period, provided that such periods are due to entirely different causes or that they are separated by at least 6 months during which you are not totally disabled. Otherwise, successive periods of total disability will be considered one continuous total disability.

## PART 3. BENEFITS FOR SPECIFIC LOSS

If, while this insurance is in force, such sickness or such injuries shall result in total and irrecoverable loss of sight or speech or hearing, or in total and irrecoverable loss (by actual severance or otherwise) of the use of both feet, both feet, or a hand and a foot, then for as long as the loss continues you will be deemed to be totally disabled regardless of your ability to engage in any occupation and regardless of whether or not you require regular attendance of a physician. The First Benefit Day applicable to such total disability will be the date of such loss.

If, while this insurance is in force, such sickness or such injuries shall result in total and irrecoverable loss of sight, or in loss (by actual severance through or above wrist or ankle joints) of both hands, both feet, or a hand and a foot, the Company will pay, in addition to any other benefits of this policy, the Total Blindness or Double Dismemberment Benefit specified in the Policy Schedule.

## PART 4. TRANSPLANT DONOR BENEFIT

If, while this insurance is in force, you become totally disabled as a result of the transplant of a part of your body to the body of another, such total disability will be considered a total disability due to sickness, except that Monthly Income Benefits will not be payable for longer than 6 months.

## PART 5. EXCEPTIONS (NOT COVERED BY THIS POLICY)

This policy does not cover disability or any other loss caused by any type of military conflict including war, declared or undeclared, or by any act of war; nor any loss caused by normal pregnancy or normal childbirth.

## PART 6. MILITARY SERVICE

If, after this policy has been in force for at least 6 months, you go on active duty in the United States military service (other than active duty for training lasting 3 months or less) you have the right to terminate this policy upon written request and to request a refund of the pro rata portion of any premium paid for any period beyond the date of said request. Upon termination of such active duty, you have the right to reinstate this policy without evidence of insurability provided you make request and pay the required premium within 3 months after termination of active duty. Premiums for the reinstated policy will be payable from the date of reinstatement and at the rate(s) that would have been applicable had the policy been in force. The reinstated policy will cover only sickness which first manifests itself, or accidental bodily injuries after the date of reinstatement.

## PART 7. CONTINUANCE OF POLICY BETWEEN AGES 65 AND 72
## PREMIUMS SUBJECT TO CHANGE AFTER AGE 65

If you are not totally disabled on the policy anniversary next following your 65th birthday, you may continue this policy in force until the policy anniversary next following your 72nd birthday if (1) you are regularly and gainfully employed on a full time basis, and if (2) you continue to pay the required premiums. The continuation of your policy for this additional seven year period is subject to the terms of the following paragraphs.

If you become disabled and entitled to benefits during this seven year period, you may continue your policy in force after the disability ends if

(1)    such disability ends before the policy anniversary following your 72nd birthday, that is, before the end of the seven year period, and if

(2)    you return to regular and gainful employment within one month after the disability has ended, and if

(3)    you have continued to pay the required premiums during the period of disability.

Continued on other side.

(Continued from other side)

If you become disabled and entitled to benefits during this seven year period, you may not continue this policy in force after the disability ends if:

(1)    such disability ends after the policy anniversary following your 72nd birthday, that is, after the end of the seven year period, or if

(2)    during the disability, you did not continue to pay the required premiums. If the required premiums are not paid during the period of disability, you will not have the right to continue this policy after the disability ends, but this will not effect your right to receive the Monthly Income Benefits for Total Disability otherwise due you for the disability.

Premiums payable on and after the policy anniversary next following your 65th birthday will be based on the Company's rate table applicable to all policies of this form which insure persons who have attained age 65 and who are of the same rating classification. The Company will have the right, at any time during such continuance, to change said rate table with respect to premiums becoming due thereafter, but the Company cannot change your rating classification while this policy is in force.

**Entire Contract; Changes:** This policy, including the application and the endorsements and attached papers, if any, constitutes the entire contract of insurance. No change in this policy shall be valid until approved by an executive officer of the Company and unless such approval be endorsed or attached to this policy. No agent has authority to change this policy or to waive any of its provisions.

**Incontestable:** After this policy has been in force for a period of 2 years during your lifetime, it shall become incontestable as to the statements contained in the application.

No claim for loss incurred or disability, as defined in the policy, commencing after 2 years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.

**Payment of Premiums:** Premiums are payable in the amount shown in the Policy Schedule. The premium paying period is that period of time from the Policy Date to the policy anniversary immediately following your 85th birthday (or 72nd birthday if this policy is continued under Part 7). The first premium is due on the Policy Date and is payable on delivery of this Policy. Subsequent premiums are due at the intervals specified in the application unless changed in accordance herewith. All premiums after the first are payable on or before their respective due dates at the Home Office, or to an authorized agent of the Company, in exchange for a receipt signed by the President or Secretary and countersigned by such agent. Subject to the Company's approval, any unpaid premium may be paid at any interval (annual, semiannual or quarterly or, if paid on the Company's preauthorized check basis - monthly). The semiannual premium is 1/2 of the annual premium; the quarterly premium is 1/4 of the annual premium; the monthly premium on the Company's preauthorized check basis is 1/12 of the annual premium. Any premium not paid when due shall be in default. Except as provided in the Grace Period provision, the payment of any premium will not maintain this Policy in force beyond the date when the next premium becomes due.

**Grace Period:** A grace period of 31 days will be granted for the payment of each premium falling due after the first premium during which grace period the policy shall continue in force.

**Termination:** This policy will terminate: (1) at the end of the grace period allowed for the payment of any renewal premium which remains unpaid, or (2) at the end of the premium paying period, which is the policy anniversary next following your 65th birthday, or (3) upon your recovery from total disability if you recover after your 65th birthday, or (4) upon termination of the Maximum Benefit Period occurring after your 65th birthday. If your policy is continued under Part 7 of this policy, this provision will be modified by the terms of Part 7, and the birthday referred to in (2), (3) and (4) above will be your 72nd birthday.

Notwithstanding the above, in no event will this policy terminate while you are entitled to receive the Monthly Income Benefit for Total Disability.

This policy will terminate at 12:00 midnight, Standard Time, at the place you reside, on any day specified in this provision.

If the Company accepts a premium which covers any period after you have ceased to be regularly and gainfully employed or after the policy anniversary next following your 72nd birthday, this policy will continue in force until the end of the period for which premiums were accepted.

**Reinstatement:** If any renewal premium is not paid within the time granted you for payment, a subsequent acceptance of premium by the Company or by any agent duly authorized by the Company to accept such premium, without requiring an application for reinstatement, shall reinstate the policy; provided, however, that if the Company or such agent does require an application for reinstatement and issues a conditional receipt for the premium tendered, the policy will be reinstated only upon approval of such application by the Company or, lacking such approval, upon the 45th day following the date of such conditional receipt unless the Company has previously notified you in writing of its disapproval of such application.

The reinstated policy shall cover only loss resulting from such injuries as may be sustained after the date of reinstatement and loss due to such sickness as may begin more than 10 days after such date. In all other respects you and the Company shall have the same rights thereunder as you both had under the policy immediately before the due date of the defaulted premium, subject to any provisions endorsed or attached to this policy in connection with the reinstatement.

**Notice of Claim:** Written notice of claim must be given to the Company within 20 days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by you or on your behalf to the Company at Baltimore, Maryland, or to any authorized agent of the Company, with information sufficient to identify you, shall be deemed notice to the Company.

**Claim Forms:** The Company, upon receipt of a notice of claim, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within 15 days after the giving of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, the character, and the extent of the loss for which claim is made.

**Proofs of Loss:** Written proof of loss must be furnished to the Company at its Home Office within 90 days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than 1 year from the time proof is otherwise required.

**Time of Payment of Claims:** Benefits payable under this policy for any loss other than loss for which this policy provides any periodic payment will be paid immediately upon receipt of due written proof of such loss. Subject to due written proof of loss, all accrued benefits for loss for which this policy provides periodic payment will be paid monthly, and any balance remaining unpaid upon the termination of liability will be paid immediately upon receipt of due written proof.

**SUN & LIFE**
INSURANCE COMPANY OF AMERICA • FOUNDED 1890 • BALTIMORE, MARYLAND

**Payment of Claims:**  All the benefits of this policy will be payable to you, except that any accrued benefit unpaid at your death will be payable to your estate.

If any benefit of this policy shall be payable to your estate, or to you if you are a minor or otherwise not competent to give a valid release, the Company may pay such benefit up to a total amount not exceeding $1000, to any relative by blood or connection by marriage who is deemed by the Company to be equitably entitled thereto. . Any payment made by the Company in good faith pursuant to this provision shall fully discharge the Company to the extent of such payment.

**Physical Examinations:**  The Company at its own expense shall have the right and opportunity to examine your person when and so often as it may reasonably require during the pendency of a claim hereunder.

**Legal Actions:**  No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.

**Misstatement of Age:**  If your age has been misstated, all amounts payable under this policy shall be such as the premium paid would have purchased at the correct age.

**Conformity with State Statutes:**  Any provision of this policy which, on its effective date, is in conflict with the statutes of the jurisdiction in which you reside on such date is hereby amended to conform to the minimum requirements of such statutes.

**Assignment:**  No assignment of interest under this policy shall be binding upon the Company unless and until the original or a duplicate is received at the Home Office of the Company.  The Company does not assume any responsibility for the validity of any such assignment.

**Consideration:**  The consideration for this insurance is the application, a copy of which is attached to and made a part of this policy, and the payment of the required premiums.

**Policy Effective:**  Subject to payment of the first premium, this policy takes effect as of 12:01 A.M. (Standard Time at the place you reside) on its date of issue. Payment of the first premium, as shown in the Policy Schedule, will maintain this policy in force until the due date of the following premium.

**Policy Date:**  The policy date specified in the Policy Schedule is used to determine premium due dates, policy anniversaries and policy years.





# POLICY NO.  83W740234H
## ($1,000)



**SUN LIFE INSURANCE COMPANY OF AMERICA**
(HEREINAFTER CALLED "THE COMPANY")
HOME OFFICE, BALTIMORE, MARYLAND

Insures you, the Insured named in the Policy Schedule, against loss resulting from:

(1) Sickness which first manifests itself while this policy is in force, (called "such sickness"), or

(2) Accidental bodily injuries sustained while this policy is in force, (called "such injuries"),

subject to the provisions, conditions, and exception on this and the following pages of this policy.

## NONCANCELLABLE AND GUARANTEED CONTINUABLE TO AGE 65
### AT GUARANTEED PREMIUMS

This policy is noncancellable and guaranteed continuable. You have the right, by the timely payment of premiums in the guaranteed amount stated in the Policy Schedule, to continue this policy until the policy anniversary next following your 65th birthday, during which time

1. The Company cannot cancel this policy.
2. The Company cannot refuse to accept any premium for this policy paid before the end of the grace period.
3. The Company cannot add any restrictive rider or endorsement to this policy,
4. The Company cannot change any provision of this policy, and
5. The Company cannot increase the premium or make any additional charge for this policy.

The continuance of this policy from the policy anniversary next following your 65th birthday until the policy anniversary next following your 72nd birthday is subject to the provisions of Part 7.

NOTE: Renewal of coverage beyond age 65 may require an increase in the renewal premium after age 65

Increased Benefits — If the last premium due and paid prior to the commencement of any loss covered by this policy was on the annual or semiannual basis or the monthly preauthorized check basis, the amount of the Monthly Income Benefit for Total Disability and the Total Blindness or Double Dismemberment Benefit, as specified in the Policy Schedule, will be increased by 10% if the premium was paid on the annual basis or by 5% if it was paid on the semiannual or preauthorized check basis.

10 Day Right to Examine Policy — This policy may, at any time within 10 days after its receipt by the policyholder, be returned by delivering or mailing it to the Company or to the agent through whom it was purchased. Immediately upon such delivery or mailing, the policy will be deemed void from the beginning, and any premium paid will be refunded.

IN WITNESS WHEREOF the Sun Life Insurance Company of America has caused this policy to be executed on its date of issue.

_Secretary_                                    _President_

DI-1 (complete)    Best Available Copy

**SUN LIFE**

**Section A. Income Benefit**

The Company will pay for each month of said total disability the Monthly Income Benefit for total disability specified in the Policy Schedule. Such Income Benefit will commence with the applicable First Benefit Day and will be payable during the continuance of said total disability but not for longer than the applicable Maximum Benefit Period. The Policy Schedule specifies a First Benefit Day and a Maximum Benefit Period for sickness and for accident. Those specified for accident are applicable only if the total disability results directly and without other contributing cause from such injuries or, for disability contributed to by a combination of such sickness and such injuries, if the total disability would have resulted from the injuries in the absence of the sickness. Otherwise, those specified for sickness are applicable.

**Section B. Waiver of Premiums**

If you are continuously and totally disabled for at least 3 months, the Company will waive, or refund if already paid, all premiums coming due during the continuance of such total disability, including any premium which came due during said 3 months. However, no premium due on the policy anniversary immediately following your 65th birthday, or any premium due thereafter, will be waived or refunded. Upon your recovery from total disability before your 65th birthday, this policy will continue in force until the next premium due date, at which time premiums will again become payable.

**Section C. Successive Periods of Total Disability**

Successive periods of total disability will be indemnified as separate periods of total disability, each subject to its own First Benefit Day and Maximum Indemnity Period, provided that such periods are due to entirely different causes or that they are separated by at least 6 months during which you are not totally disabled. Otherwise, successive periods of total disability will be considered one continuous total disability.

## PART 3. BENEFITS FOR SPECIFIC LOSS

If, while this insurance is in force, such sickness or such injuries shall result in total and irrecoverable loss of sight or speech or hearing, or in total and irrecoverable loss (by actual severance or otherwise) of the use of both hands, both feet, or a hand and a foot, then for so long as the loss continues you will be deemed to be totally disabled regardless of your ability to engage in any occupation and regardless of whether or not you require regular attendance of a physician. The First Benefit Day applicable to such total disability will be the date of such loss.

If, while this insurance is in force, such sickness or such injuries shall result in total and irrecoverable loss of sight, or in loss (by actual severance through or above wrist or ankle joints) of both hands, both feet, or a hand and a foot, the Company will pay, in addition to any other benefits of this policy, the Total Blindness or Double Dismemberment Benefit specified in the Policy Schedule.

## PART 4. TRANSPLANT DONOR BENEFIT

If, while this insurance is in force, you become totally disabled as a result of the transplant of a part of your body to the body of another, such total disability will be considered a total disability due to sickness, except that Monthly Income Benefits will not be payable for longer than 6 months.

## PART 5. EXCEPTIONS (NOT COVERED BY THIS POLICY)

This policy does not cover disability or any other loss caused by any type of military conflict including war, declared or undeclared, or by any act of war; nor any loss caused by normal pregnancy or normal childbirth.

## PART 6. MILITARY SERVICE

If, after this policy has been in force for at least 6 months, you go on active duty in the United States military service (other than active duty for training lasting 3 months or less) you have the right to terminate this policy upon written request and to receive a refund of the pro rata portion of any premium paid for any period beyond the date of said request. Upon termination of such active duty, you have the right to reinstate this policy without evidence of insurability provided you make request and pay the required premium within 3 months after termination of active duty. Premiums for the reinstated policy will be payable from the date of reinstatement and at the rate(s) that would have been applicable had the policy remained in force. The reinstated policy will cover only sickness which first manifests itself, or accidental bodily injuries occurring after the date of reinstatement.

## PART 7. CONTINUANCE OF POLICY BETWEEN AGES 65 AND 72
### PREMIUMS SUBJECT TO CHANGE AFTER AGE 65

If you are not totally disabled on the policy anniversary next following your 65th birthday, you may continue this policy in force until the policy anniversary next following your 72nd birthday if (1) you are regularly and gainfully employed on a full time basis, and if (2) you continue to pay the required premiums. The continuation of your policy for this additional seven year period is subject to the terms of the following paragraphs.

If you become disabled and entitled to benefits during this seven year period, you may continue your policy in force after the disability ends if

(1)     such disability ends before the policy anniversary following your 72nd birthday, that is, before the end of the seven year period, and if

(2)     you return to regular and gainful employment within one month after the disability has ended, and if

(3)     you have continued to pay the required premiums during the period of disability.

Continued on other side

(Continued from other side)

If you become disabled and entitled to benefits during this seven year period, you may not continue this policy in force after the disability ends if:

(1)     such disability ends after the policy anniversary following your 72nd birthday, that is, after the end of the seven year period, or if

(2)     during the disability, you did not continue to pay the required premiums. If the required premiums are not paid during the period of disability, you will not have the right to continue this policy after the disability ends, but this will not effect your right to receive the Monthly Income Benefits for Total Disability otherwise due you for the disability.

Premiums payable on and after the policy anniversary next following your 65th birthday will be based on the Company's rate table applicable to all policies of this form which insure persons who have attained age 65 and who are of the same rating classification. The Company will have the right, at any time during such continuance, to change said rate table with respect to premiums becoming due thereafter, but the Company cannot change your rating classification while this policy is in force.

## GENERAL PROVISIONS

**Entire Contract; Changes:** This policy, including the application and the endorsements and attached papers, if any, constitutes the entire contract of insurance. No change in this policy shall be valid until approved by an executive officer of the Company and unless such approval be endorsed or attached to this policy. No agent has authority to change this policy or to waive any of its provisions.

**Incontestable:** After this policy has been in force for a period of 2 years during your lifetime, it shall become incontestable as to the statements contained in the application.

No claim for loss incurred or disability, as defined in the policy, commencing after 2 years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this policy.

**Payment of Premiums:** Premiums are payable in the amount shown in the Policy Schedule. The premium paying period is that period of time from the Policy Date to the policy anniversary immediately following your 65th birthday (or 72nd birthday if this policy is continued under Part 7). The first premium is due on the Policy Date and is payable on delivery of this Policy. Subsequent premiums are due at the intervals specified in the application unless changed in accordance herewith. All premiums after the first are payable on or before their respective due dates at the Home Office, or to an authorized agent of the Company, in exchange for a receipt signed by the President or Secretary and countersigned by such agent. Subject to the Company's approval, any unpaid premium may be paid at any interval (annual, semiannual or quarterly or, if paid on the Company's preauthorized check basis - monthly). The semiannual premium is 1/2 of the annual premium; the quarterly premium is 1/4 of the annual premium; the monthly premium on the Company's preauthorized check basis is 1/12 of the annual premium. Any premium not paid when due shall be in default. Except as provided in the Grace Period provision, the payment of any premium will not maintain this Policy in force beyond the date when the next premium becomes due.

**Grace Period:** A grace period of 31 days will be granted for the payment of each premium falling due after the first premium during which grace period the policy shall continue in force.

**Termination:** This policy will terminate: (1) at the end of the grace period allowed for the payment of any renewal premium which remains unpaid, or (2) at the end of the premium paying period, which is the policy anniversary next following your 65th birthday, or (3) upon your recovery from total disability if you recover after your 65th birthday, or (4) upon termination of the Maximum Benefit Period occurring after your 65th birthday. If your policy is continued under Part 7 of this policy, this provision will be modified by the terms of Part 7, and the birthday referred to in (2), (3) and (4) above will be your 72nd birthday.

Notwithstanding the above, in no event will this policy terminate while you are entitled to receive the Monthly Income Benefit for Total Disability.

This policy will terminate at 12:00 midnight, Standard Time, at the place you reside, on any day specified in this provision.

If the Company accepts a premium which covers any period after you have ceased to be regularly and gainfully employed or after the policy anniversary next following your 72nd birthday, this policy will continue in force until the end of the period for which premiums were accepted.

**Reinstatement:** If any renewal premium is not paid within the time granted you for payment, a subsequent acceptance of premium by the Company or by any agent duly authorized by the Company to accept such premium, without requiring an application for reinstatement, shall reinstate the policy; provided, however, that if the Company or such agent does require an application for reinstatement and issues a conditional receipt for the premium tendered, the policy will be reinstated only upon approval of such application by the Company or, lacking such approval, upon the 45th day following the date of such conditional receipt unless the Company has previously notified you in writing of its disapproval of such application.

The reinstated policy shall cover only loss resulting from such injuries as may be sustained after the date of reinstatement and loss due to such sickness as may begin more than 10 days after such date. In all other respects you and the Company shall have the same rights thereunder as you both had under the policy immediately before the due date of the defaulted premium, subject to any provisions endorsed or attached to this policy in connection with the reinstatement.

**Notice of Claim:** Written notice of claim must be given to the Company within 20 days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible. Notice given by you or on your behalf to the Company at Baltimore, Maryland, or to any authorized agent of the Company, with information sufficient to identify you, shall be deemed notice to the Company.

**Claim Form:** The Company, upon receipt of a notice of claim, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not furnished within 15 days after the giving of such notice the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting, within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, the character, and the extent of the loss for which claim is made.

**Proofs of Loss:** Written proof of loss must be furnished to the Company at its Home Office within 90 days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than 1 year from the time proof is otherwise required.

**Time of Payment of Claims:** Benefits payable under this policy for any loss other than loss for which this policy provides any periodic payment will be paid immediately upon receipt of due written proof of such loss. Subject to due written proof of loss, all accrued benefits for loss for which this policy provides periodic payment will be paid monthly, and any balance remaining unpaid upon the termination of liability will be paid immediately upon receipt of due written proof.

**SUN ☀ LIFE**
INSURANCE COMPANY OF AMERICA • FOUNDED 1890 • BALTIMORE, MARYLAND

**Payment of Claims:** All the benefits of this policy will be payable to you, except that any accrued benefit unpaid at your death will be payable to your estate.

If any benefit of this policy shall be payable to your estate, or to you if you are a minor or otherwise not competent to give a valid release, the Company may pay such benefit up to a total amount not exceeding $1000, to any relative by blood or connection by marriage who is deemed by the Company to be equitably entitled thereto. Any payment made by the Company in good faith pursuant to this provision shall fully discharge the Company to the extent of such payment.

**Physical Examinations:** The Company at its own expense shall have the right and opportunity to examine your person when and so often as it may reasonably require during the pendency of a claim hereunder.

**Legal Actions:** No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished.

**Misstatement of Age:** If your age has been misstated, all amounts payable under this policy shall be such as the premium paid would have purchased at the correct age.

**Conformity with State Statutes:** Any provision of this policy which, on its effective date, is in conflict with the statutes of the jurisdiction in which you reside on such date is hereby amended to conform to the minimum requirements of such statutes.

**Assignment:** No assignment of interest under this policy shall be binding upon the Company unless and until the original or a duplicate is received at the Home Office of the Company. The Company does not assume any responsibility for the validity of any such assignment.

**Consideration:** The consideration for this insurance is the application, a copy of which is attached to and made a part of this policy, and the payment of the required premiums.

**Policy Effective:** Subject to payment of the first premium, this policy takes effect as of 12:01 A.M. (Standard Time at the place you reside) on its date of issue. Payment of the first premium, as shown in the Policy Schedule, will maintain this policy in force until the due date of the following premium.

**Policy Date:** The policy date specified in the Policy Schedule is used to determine premium due dates, policy anniversaries and policy years.





name & No.  Agency name & No.  FOR HOME OFFICE USE ONLY
BIGHAM, RONALD H.  8  0059  ABRAHAM, RONALD  Policy Date  4-20-75  Policy Number  4750518

| PROPOSED INSURED (please print) | 2. Social Sec. No. | 3. Date of Birth | 4. Age | 5. Birthplace | 6. Sex | 7. Marital Status |
|---|---|---|---|---|---|---|
| SAMUEL RAED | 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 | 4-21-37 | 37 | PASSAIC N.J. | M | Married |

RESIDENCE (no., street, city, state, zip)
1 No. 37 Street  Hollywood, Fl. 33021  Telephone No. 961-8384  Years Here 14

FORMER RESIDENCE, if any, during past 2 years:  Years Here -
201 N. PARK ROAD  Hollywood, Florida

OCCUPATION: (Give title and describe duties) Physician Family Practice  Years Here 1  Other OCCUPATION(S) and EMPLOYER(S) during past 2 years  Years Here
ployed by: SAMUEL RAND MD PA  Same
ress: 4490 Sheridan St, Hollywood Fl 33021

er Life and/or Health Insurance now  Company(s)  Life Ins. (Amt.)  Company(s)  Health Ins. (Amt.)  Accidental Death
force in life, or any other company.  SUN LIFE MUTUAL BENEFIT  140,000 200,000  SUN LIFE  1000 mo A+S

S THE PROPOSED INSURED OR ANY OTHER PERSON PROPOSED FOR COVERAGE ON THIS APPLICATION:

| | Yes | No | | Yes | No |
|---|---|---|---|---|---|
| Any other application for Life or Health insurance or reinstatement pending or contemplated in this or any other company? | ☐ | ☒ | C. Engaged in mountain climbing, skin or scuba diving, or any type of auto or cycle or boat or other racing during the past 2 years or is any such activity contemplated during the next 2 years? | ☐ | ☒ |
| Ever had an application for Life or Health insurance Declined, Rated, Modified or Postponed, or been refused Reinstatement or Renewal of Life or Health insurance? | ☐ | ☒ | D. Flown during the past 2 years or is there any intention to fly during the next 2 years, other than as a fare paying passenger? (If 'yes' to A, B, C or D—give details in item 34) | ☐ | ☒ |
| any of the insurance applied for intended to REPLACE, in whole or in part, any insurance or annuity in this, or any other company? (If 'yes' give details in item 34 and, if necessary, submit proper replacement material) | | | | ☐ | ☒ |

FE INSURANCE—Complete this section    For Family Plan, Family Plan rider or Payor Benefit—always Complete Part B.

| AN OF INSURANCE | 16. AMOUNT | 17. SERIES | 18. ADDITIONAL BENEFITS DESIRED (fully describe the rider or benefit desired) |
|---|---|---|---|
| rticipating | $ | ☐ EXEC. | |
| term policy __ yrs to expiry date | | ☐ SEC. ☐ MDO | |

DEND-OPTION (participating policies only)  19A. Is Automatic Premium Loan Provision to be effective?  20. CLASS OF RISK. The insurance is applied for at the standard premium class, unless a substandard premium class is shown here:  21. Premium Payable  22. AMOUNT PAID with this application
reduced premiums ☐  ☐ PA  ☐ SS
paid-up additions  ☐ Yes  ☐ No  ☐ SA  ☐ ABC  $
accumulate at interest  ☐ Q  ☐ MDO  Verified By
paid in cash  (table or extra premium per $1,000)  ☐ Mo

wner: if other than Proposed Insured (Name, Address, Relationship)

24. BENEFICIARY: state full names and relationships to the proposed insured—all joint or class beneficiaries to share equally, with survivorship, unless otherwise indicated.

wner's Designee: to succeed to owner's rights upon death of Owner prior to  PRIMARY
eath of Proposed Insured

SECONDARY

☐ Check here if owner's rights shall terminate when the proposed insured attains age 18, on and after which date the proposed insured shall be the owner.

CCIDENT & SICKNESS INSURANCE—Complete this section

| AN OF POLICY | 26. MAXIMUM BENEFIT PERIOD | 27. OCCUPATION CLASS | 28. What is your annual earned income? | 31. Health Premium Payable |
|---|---|---|---|---|
| N-1 | Accident To 65 | 4/A | (net of any business expense) $ 75,000 | ☒ Annual ☐ S.S. |
| | Sickness LIFE | | What is your annual unearned income? $ 0 | ☐ Semiannual ☐ A.B.C. |
| | | | | ☐ Quarterly ☐ __ |

NEFITS APPLIED FOR:  Annual Premium  30. Do you understand that under the terms of the policy hereby applied for, no benefit is payable during the:  32. AMOUNT PAID with this application
ase Policy (level amount) $ 1500  $ 733.50
dit benefit $ ____ for ____ months  First 30 days of any periods of disability due to accident? Yes  $ 100.00
nging to $ ____ month thereafter  First 30 days of any periods of disability due to sickness? ☒  Verified By
dditional Benefit(s): ____

Total $ 733.50

33. BENEFICIARY: (does not apply unless policy includes accidental death benefit)

DDITIONAL DIRECTIONS AND REMARKS (For Life or Accident & Sickness)  35. ADDITIONS & CORRECTIONS
uest POLICY DATE OF 4/20/75 TO CONSERVE

HEREBY DECLARED THAT all statements and answers contained in this application are correctly recorded, complete and true, to the best of my/our knowledge and belief and that the Company may believe, rely and act upon them accordingly.
MUTUALLY AGREED THAT: (1) If the soliciting agent has delivered a receipt bearing the same date and number as this application and has received in cash as stated in this application an amount which equals the full first premium, or is or more and equals at least 1/12 of the annual premium for the policy applied for, the liability of the Company shall be as stated in the receipt. (2) Except as provided in (1) above, the Company shall be under no liability and the policy applied shall not take effect until it is delivered to the Applicant and the first premium for it is paid in full during the lifetime of the Proposed Insured, nor unless, at the time of delivery, the answers made in this application and any amendments or supplements to this application are true and complete without material change. If these conditions are met, the policy shall be deemed to have taken effect as of the Policy Date. (3) Neither the soliciting agent, nor the medical examiner if any, is authorized to accept risks nor pass upon insurability, to make or modify contracts, nor to waive any requirements. No statement made to or by, and no knowledge on the part of, any agent or medical examiner as to facts pertaining to the proposed Insured shall be considered as having been made or to brought to the wledge of the Company unless stated in this application. (4) The Company shall be 60 days from the date hereof within which to consider and act upon this plication. If a policy is not delivered within each period or if a notice of acceptance or rejection is not delivered, this application shall be deemed to have been

rejected unless insurance shall have become effective under the attached Conditional Receipt. (5) The Applicant's acceptance of any life insurance policy issued on this application shall constitute ratification of all representations and agreements made in writing as part of the application and of any amendments and corrections which the Company makes and refers to under item 35 hereof in connection with issuance of such policy: it being understood that item 35 will not be used in connection with changes as to amount, classification, plan of insurance or benefits. (6) The Proposed Insured shall be the owner of any policy of Accident & Sickness insurance issued upon this application; and with respect to any such policy it is hereby certified by the undersigned Proposed Insured that he has read, or had read to him, all parts of the application which apply to such insurance and understands that any false statement which is material to the risk and is made with intent to deceive may result in loss of coverage under such policy. (7) After 2 years from the date of issue of any policy of Accident & Sickness insurance issued upon this application it shall be presumed that the Proposed Insured was in good health on the date of this application and on the date of issue and of delivery of such policy and payment of the first premium. (8) Any policy of insurance issued upon this application shall be considered as delivered in the state in which this application was signed, as shown below, and shall be construed in accordance with the laws of that state.
I certify that I have read, or had read to me, and that I have received the Important Notice which was attached to this application.

ned at: City  Hollywood  State  Florida  this ___ day of  ___  19 75
nature of  
ness  Signature of Proposed Insured

INSTRUCTION TO AGENT: Complete the following for the Proposed Insured unless to be medically examined. Complete on all other persons on whom insurance is desired except those who are also to be medically examined.

| 1. PROPOSED INSURED (please print) | Height & Weight | Weight Changed in Past Year? |
|---|---|---|
| SAMUEL RAND | 6'0"  –  225 lbs | |
| If Female—Give Former Last Name, if any | | |

**OTHER PERSONS PROPOSED FOR INSURANCE (Items 2, 3 and 4)**

| 2. APPLICANT FOR PAYOR BENEFIT (please print) | Date of Birth | Birthplace | Sex | Height & Weight | Weight Changed in Past Year? |
|---|---|---|---|---|---|
| | | | | | |

| 3. SPOUSE—If to be insured (please print) | Date of Birth | Birthplace | Height & Weight | Weight Changed in Past Year? |
|---|---|---|---|---|
| Former Last Name | | | | |

4. CHILDREN—Include all children, stepchildren and legally adopted children under age 19.

| Name | Sex | Date of Birth | Height & Weight | Name | Sex | Date of Birth | Height & Wght. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

5. PERSONAL PHYSICIAN OF PROPOSED INSURED:
Please Indicate:
A. Name & Address   None

B. Date Last Consulted

C. What Treatment Given

6. FAMILY HISTORY OF PROPOSED INSURED:

| | Age | State of Health | Age at Death | Cause of Death |
|---|---|---|---|---|
| Spouse | 38 | Good | | |
| Father | 70 | Good | | |
| Mother | | | 61 | CA |
| Brother(s) | 41 | Good | | |
| Sister(s) | 28 | Good | | |

7. To the best of your knowledge and belief have any of the persons proposed for coverage: (For Accident & Sickness Coverage, limit answers to last 10 years) | YES | NO
A. Been rejected, rated or postponed for insurance, or been offered less insurance than applied for? ....................... | ☐ | ☑
B. Applied for or received benefits, compensation, or a pension because of sickness or injury? ................................. | ☐ | ☑
C. Consulted or been treated by a physician or other practitioner, or been advised to seek treatments due to the use of alcohol, barbiturates, hallucinogens, addictive narcotics, amphetimines, bromides, or cocaine? ................... | ☐ | ☑

8. To the best of your knowledge and belief have any of the persons proposed for coverage: have, ever had, been told he or she had, consulted a physician or been treated for: (For Accident & Sickness Coverage, limit answers to last 10 years)
A. Impairment of sight or hearing, or eye or ear disorder? ................................................................................. | ☐ | ☑
B. Disease of the brain or nervous system (convulsions, headaches, dizzy spells, epilepsy, nervous breakdown, paralysis, or any mental disorder)? ..... | ☐ | ☑
C. Chest pains, shortness of breath or swelling of ankles? ................................................................................. | ☐ | ☑
D. Disease of the heart or blood vessels (rheumatic fever, coronary disease, heart murmur, high blood pressure, varicose veins)? .................... | ☐ | ☑
E. Disease of the lungs or respiratory system (asthma, pleurisy, chronic bronchitis, blood spitting, tuberculosis)? ................... | ☐ | ☑
F. Disease of the esophagus, stomach, gall bladder, liver, intestines, rectum (chronic indigestion, intestinal bleeding, ulcer, colitis, diverticulitis, hernia, hemorrhoids, jaundice)? ................................................................................. | ☐ | ☑
G. Disease of the kidneys, bladder, or prostate (nephritis, kidney stone, or sugar, albumin, or blood in the urine)? .................... | ☐ | ☑
H. Arthritis, rheumatism, gout, polio, lameness, deformity, amputation, or disorder of bone, spine, back, or joints? .................. | ☐ | ☑
I. A growth of any kind, cancer, tumor, cyst, or skin disease? ................................................................................. | ☐ | ☑
J. Diabetes, thyroid, or other glandular disorder? ................................................................................. | ☐ | ☑

9. To the best of your knowledge and belief, other than above, have any of the persons proposed for coverage, within the past 5 years:
A. Had any mental or physical disease not listed above? ................................................................................. | ☐ | ☑
B. Had a checkup, consultation, illness, injury, surgery? ................................................................................. | ☑ | ☐
C. Been a patient in a hospital, clinic, sanatorium, or other medical facility? ................................................... | ☐ | ☑
D. Had electrocardiogram, X-ray, other diagnostic test? ................................................................................. | ☑ | ☐
E. Been advised to have any diagnostic test, hospitalization, or surgery which was not completed? ........................ | ☐ | ☑

10. To the best of your knowledge and belief, if not mentioned in questions 7, 8 or 9 above, have either of the parents or any brother and/or sister of any of the persons proposed for coverage ever had diabetes, tuberculosis, heart disease or mental disorder? ........................... | ☐ | ☑

11. To the best of your knowledge and belief, have any of the persons proposed for coverage, if female, had a miscarriage, difficult labor, stillbirth, caesarian operation, or disorder of the breast or female organs? (For Accident & Sickness Coverage, limit answers to last 10 years) ............... | ☑ | ☐

For items 7 through 11, if answer is "yes" please give details in space below. Specify item number and ailment. Give date, duration and treatment and name address of hospitals and/or physicians.

9 B & D – HAD EXAMS FOR INSURANCE FOR SUN LIFE ON 1/4/75 & 12/17/74 (FOR 450,000 LIFE)

IT IS HEREBY DECLARED THAT: (1) all statements and answers contained in this application are correctly recorded, complete and true, to the best of my/our knowledge and belief and that the Company may believe, rely and act upon them accordingly. (2) The Company shall have the right to require a medical examination by a authorized medical examiner if further evidence of insurability is deemed necessary. (3) To the extent permitted by law, physicians, medical practitioners, hospitals, clinics or other medically related facilities, insurance companies, the Medical Information Bureau or other organizations, institutions or persons that have any record or knowledge of me or my children, if applicable, or my or their health are expressly authorized to disclose to the Sun Life Insurance Company of America any such information. To facilitate rapid submission of such information, I authorize all said sources, except the Medical Information Bureau, to give such records or knowledge to any agent employed by the Sun Life Insurance Company of America to collect and transmit such information. I expressly waive all statutory rights governing such disclosure and that a photocopy of this authorization shall be considered as effective and valid as the original.

Signed at City   Hollywood   State   Florida   this   8   day of   April   19___

Signature of Witness _____ , CLU   
Licensed Resident Agent (Soliciting Agent)

Signature of Proposed Insured _____
(Age 15 or over)

Signature of Applicant if other than Proposed Insured _____

Insured Spouse (if to be Insured) _____

PART 1

TOTAL DISABILITY – Wherever used in this policy, "total disability" means disability, to the extent set forth in (a) and (b) below, which commences while this Insurance is in force, results from such sickness or such injuries, and requires the regular attendance of a licensed physician other than yourself.

(a)   Until your 65th birthday or until benefits for a total disability have been payable for 100 months from the applicable First Benefit Day, whichever is later, you will be deemed to be totally disabled if you are completely unable to engage in your regular occupation or profession.

(b)   For the purpose of determining any continuation of the total disability thereafter, you will be deemed to be totally disabled if you are completely unable to engage in any gainful occupation or profession in which you might reasonably be expected to engage with due regard to your education, training and experience and to your earning ability prior to the disability.

Under no circumstance will you ever be consider to be suffering from more than one total disability at the same time.

PART 2

FIRST BENEFIT DAY

FOR SICKNESS – 31st DAY OF TOTAL DISABILITY
FOR ACCIDENT – 31st DAY OF TOTAL DISABILITY

MONTHLY INCOME BENEFIT FOR TOTAL DISABILITY

$1,500. PER MONTH

MAXIMUM BENEFIT PERIOD – WHILE TOTALLY DISABLED

FOR SICKNESS – UNTIL THE POLICY ANNIVERSARY NEXT FOLLOWING YOUR 65TH BIRTHDAY, BUT NOT LESS THAN 30 MONTHS.

FOR ACCIDENT – YOUR LIFETIME IF TOTAL DISABILITY COMMENCES BEFORE YOUR 65TH BIRTHDAY, OTHERWISE, 30 MONTHS.

PART 3

TOTAL BLINDNESS OR DOUBLE DISMEMBERMENT BENEFIT – $36,000.

OTHER BENEFITS

NONE.

INSURED – Samuel Rand

POLICY NUMBER:  H750518    POLICY DATE:  4-20-1975

ANNUAL PREMIUM – $749.50    FIRST PREMIUM – $749.50

POLICY SCHEDULE

DATE OF ISSUE:  4-28-1975

PAYABLE Annually

FORM DI-1

DISABILITY INCOME POLICY
PROFESSIONAL SERIES

FEB 1 1974

| Application № 31515 | Proposed...ed's Phone Home    Bus. | | FOR | 4E OFFICE USE ONLY |
|---|---|---|---|---|
| Agent's Name and No. 9  ABRAHAM, RONALD H. (6) a 99  AXELROD, SAMUEL (6) a | Agency Name and No. DDS99  ABRAHAM, RONALD H. (b) a RDP99  AXELROD, SAMUEL (b) a | Policy Date 2-11-74 -50% -52-70 | | Policy No. 03W74C-234N A740234 |

## PART A of APPLICATION to SUN LIFE INSURANCE COMPANY OF AMERICA
### HOME OFFICE — BALTIMORE, MARYLAND

| First Name  Middle Name  Last Name Proposed: SAMUEL RAND M.D female, give previous name, if any: | 3. Date of Birth Mo. Day Yr. 4  21  37 | 4. Age Last Birthday 36 | 5. Birthplace (City & State or Country) NEW JERSEY | 6. Sex ☑ M ☐ F | 7. Marital Status ☐ Single ☑ Married ☐ Separated  ☐ Wid. ☐ Div. |
|---|---|---|---|---|---|

Residence: No. 5351  Street N. 32 ST.  City (or County) HOLLYWOOD  State FLA  Zip Code 33021  Yrs. Here 1½

Former addresses, 1701 N. PARK RD, HLWD, FLA. 1 AND 1 YR.; 715 S. BEACH ST, DAYTONA BCH, FLA. ½ YR. during past 2 years: (3) 366 FRENCH ST, BANGOR, MAINE - ONE YR.

Employer's name SELF - SAM RAND M.D.    Employer's address 4448 SHERIDAN ST, HOLLYWOOD FL 33021  Zip Code

Types of business MEDICAL DOCTOR  Give exact duties FAMILY MEDICINE   Years Here 6

Other occupation(s) and employer(s), if any, during past 2 years: ANESTHESIOLOGIST PARKWAY GENL HOSP, N. MIAMI BCH, FLA

| | Companies | Dates | Amounts | Type of Ins. | Reasons |
|---|---|---|---|---|---|
| Is any application for insurance or reinstatement being negotiated in this or any other company? ☑ Yes  No ☐ | NORTHWESTERN NATIONAL | 1/74 | N/A | MAJOR MED. | NEED |
| Has there ever been a rejection, rating, postponement, cancellation, or a refusal to renew, for life or such insurance, or an offer of insurance other as applied for? ☐ Yes  No ☑ | | | | | ✓ |

Any Aviation Activities as pilot, student pilot, other air crew member, or as a sky diver, during past 5 years or contemplated during next 2 years? ☐ Yes  No ☑   If Yes, complete Form UG-63

| Total Insurance in force: | Life Suff  Life | $ — C. — | Accidental Death | Other Companies | Life $ 100,000 | Accidental Death $ |
|---|---|---|---|---|---|---|

## FOR LIFE INSURANCE, COMPLETE THIS SECTION

a. PLAN OF INSURANCE (Base Policy)

16b. AMOUNT (Base Policy) $

16c. SERIES ☐ Executive ☐ Security

☐ Nonparticipating  ☐ Participating

d. Is Waiver of Premium Disability desired as an Optional Benefit? ☐ Yes  No ☐

e. Include: ☐ Double Indemnity ☐ Triple Indemnity (Applies only to Executive Series, 20 Pay Optional and Retirement Income policies.)

f. Other RIDER PLANS (Specify No. Years, when applicable.)

16g. RIDER AMOUNT(S) $

g. Is AUTOMATIC PREMIUM LOAN to be effective? ☐ Yes  No ☐ (Does not apply to Term policies.)

h. CLASS OF RISK. The insurance is applied for at the Standard Premium Class, unless a substandard premium class is shown here: _____ (Table or Extra Premium per $1,000)

i. INSURANCE TO TAKE EFFECT as of: ☐ Date policy is written at Home Office. ☐ Last Date of Parts A and B of this Application. ☐ _____, 19 ___

19. PREMIUM PAYABLE ☐ Ann.  Mo. ☐ $ ☐ S.A.  S.S. ☐ ☐ Quar.  A.B.C. ☐

20. AMOUNT PAID with this Application $ ___ Verified by ___

k. DIVIDEND OPTION elected (Applies to a Participating Policy only) ☐ Applied to Reduce Premiums ☐ Left at Interest ☐ Used for Paid-up Life Additions ☐ Paid in Cash

Social Security or Tax Identification Number of Policy Owner

22. BENEFICIARY (Print full name, age and relationship to Proposed Insured)

Primary

Secondary

If more than one beneficiary is named in either class (Primary or Secondary) payment within each class will be to the survivor or in equal shares to the survivors, unless otherwise shown.

23. MAIL NOTICES to address shown in: ☐ Item 8 (Res.) ☐ Item 10 (Bus.) ☐ Item 24 (Owner) ☐ Item 28

### COMPLETE ITEMS 24, 25 and 26 ONLY IF SOMEONE OTHER THAN PROPOSED INSURED IS TO BE OWNER AT ISSUE

24. OWNER OF POLICY, if other than Proposed Insured, to be:
FULL NAME(S) (Please Print)

Relationship to Proposed Insured

Address: No. ___ Street ___

City ___ State ___ Zip Code ___

☐ The Owner's rights shall terminate when the Proposed Insured attains age 21, on and after which date the Proposed Insured shall be the Owner. (This provision effective only if box is checked.)

25. STATUS OF OWNER at issue:
a. ☐ Natural Person(s), presently ___ years of age.
b. ☐ Corporation: State where incorporated ___
c. ☐ Partnership, as now or as may be hereafter constituted.
d. ☐ Trustee. (Copy of Trust Instrument should be furnished to the Company.)

26. If Owner is a natural person and dies before the Proposed Insured, who is to be the OWNER'S DESIGNEE (Secondary Owner) to succeed to Owner's rights?
a. ☐ Proposed Insured
b. ☐ Owner's Estate (No Owner's Designee)
c. ☐ Neither a nor b, but as follows:
Full Name (Please Print)
Age ___ Relationship to Proposed Insured ___

27. Is any of the insurance now applied for intended to REPLACE, in whole or in part, any insurance in this or any other company? ☐ Yes  No ☐
If Yes, explain here:

28. SPECIAL REQUESTS:

29. AMENDMENTS AND CORRECTIONS—Life Insurance only (For completion at Home Office)

**...VIATION QUESTIONNAIRE — SUN LIFE INSURANCE COMPANY OF AMERICA**

| a. Print Name | First Name | Middle Name | Last Name | 1b. Date of Birth | 2a. Type of Activity |
|---|---|---|---|---|---|
| f person to | | | | | ☐ Military ☐ Civilian |
| ·hom this applies | | | | | ☐ Both Military and Civilian |

| b. Duties (pilot, skydiver, etc.) | **7. How many hours have you flown, and do you expect to fly, in each category below?** | | | |
|---|---|---|---|---|
| . Total hours of flying | Type of Flying | Hrs. Flown in Past 12 Mos. | Hrs. Flown 1 to 2 Yrs. Ago | Estimated Hrs. Next 12 Mos. |
| . Date of most ·cent flight | Scheduled Flights ............. | | | |
| . Type of ·cense | Non-scheduled Flights ......... | | | |
| | Instructing Students .......... | | | |
| | Instruction as a Student ...... | | | |
| Original Date | Date of last renewal | Experimental or test ......... | | |
| | | Military ..................... | | |
| ·o you intend to ·new license? ☐ Yes No☐ | Nat. Guard or Reserve ........ | | | |
| | Crop Dusting ................. | | | |
| . Do you own or have the ·se of an aircraft? ☐ Yes No☐ | Jet Plane Flying ............. | | | |
| | Other (describe) ............. | | | |
| · Yes, give type: | | | | |

**8. Have you ever done or do you intend to do overseas or foreign flying, or any of the more hazardous types of flying? ................. ☐ Yes No☐**
If *Yes*, give type:

If required by the Company, are you willing to ·y an extra premium for aviation coverage?   ☐ Yes   ☐ No—Include aviation exclusion instead   ☐ No

WE HEREBY DECLARE that the information given above is correctly recorded, complete and true, and agree that the Company believing to be true shall rely and act upon it accordingly.

·gned at: City_____ State_____ this_____day of_____ 19____

·gnature
· Witness
Licensed Resident Agent (Soliciting Agent)

Signature of Person Named Above
Signature of Applicant for Life Insurance if other than Proposed Insured

If Applicant for Life Insurance is a corporation, firm or trust, write full legal name here; otherwise leave blank

·orm UG-63 (1966)

Include title of qualified officer if Applicant is a corporation, firm or trust

**·GENT'S STATEMENT—To expedite underwriting, ANSWER all appropriate items.**

| Who will ·y premiums? *applicant* | For Accident & Sickness, complete this section | |
|---|---|---|
| How well do you ·ow Proposed Insured? *Client* No. of *1/2* years. | 12a. Plan of Policy ~~SZ~~ *D-1* | 12b. Occupation Class *4A* |

13a. Maximum Indemnity Periods.
Accident: ☐Lifetime To 65 or ☐_____Months   13b. Elimination Periods:
Sickness: ☐To Age 65/Life or ☐_____Months   *30*____days   *30*____days

| Give Applicant's ·ances. Be specific · to actual earnings. | Annual Unearned Income $ *—O—* | 14. Benefits: | Benefits Requested | Ann. Premium |
|---|---|---|---|---|
| | Annual Earned Income $ *50,000* | ☐ Monthly Indemnity ☐Accident & Sickness | $ *1,500* | $ *480.00* |
| | Net Worth $ *110,000* | For Total Disability ☐ Accident Only | | |
| | ☐ Agent's Estimate ☑ Secured from Applicant | ☐ Monthly Indemnity ☐ Accident & Sickness | $ | $ |
| Did you see the ·oposed Insured? ☑ Yes No ☐ | ☐ Nonmedical, Must be seen by Agent. | For Partial Disability ☐ Accident Only | | |
| Did you order: Examination ☐Y No☐ | ☐ Principal Sum | $ | $ |
| Inspection ☐Y No☐ | ☐ Accident Medical Expense Indemnity | $ | $ |
| ·NSWER ITEMS 6 and 7 if Proposed Insured is under age 21. | ☐ Daily Hosp. & Reg. Nurse Indemnity | $ | $ |
| Child living with both parents? ☐Yes No☐ If No, Explain in Remarks | ☐ Surgical Expense Indemnity | $ | $ |
| Are other children in family equally insured? ☐ Yes No☐ | ☐ Supplementary Income____Yrs. - Mo. Ind. $ | | |
| If Proposed Insured is a married woman, what is ·e amount of insurance on the husband, if living? $ | Elim. Per.; Acc._____Days Sick_____Days | | |
| Is any of the insurance now applied for ·tended to replace, in whole or in part, any ·surance in this or any other company? ☐ Yes No☑ If Yes, Explain in Remarks | ☐ Reduced Elim. Per. while Hosp. Confined | $ | $ |
| | ☐ Misc. Hospital Expense Indemnity | $ | $ |
| ·r life insurance, complete this section | ☐ Office Overhead Expense (attach a completed Form P-1315) | $ | $ |
| ·. If Risk is not ·andard, give reason: | ☐ | $ | $ |
| · REQUEST For: ☐ Additional Issue ☐ Alternate Issue | | TOTAL PREMIUM $ *480.00* | |

Nonparticipating Policy only, unless Participating Policy applied for on Part A)

·an _____ Amt. $ _____
·.D.B. desired? ☐ No ☐ D.I. ☐ T.I.   W.P. Dis.? ☐ Yes No☐
·iders _____ Premium Mode _____
Beneficiary, Owner, etc. are to differ from Part A policy, EXPLAIN:

| 15. If Hospital Indemnity and/or Surgical Benefits are applied for, what is present coverage with other companies? | Daily Room Benefits | Surgical Benefits | Misc. Benefits |
|---|---|---|---|
| | | | |

16. Did Applicant come to you for this coverage? ............. ☐ Yes No☑

17. REQUEST For: ☐ Additional Issue ☐ Alternate Issue
Form of Policy _____
If Benefits, etc. are to differ from Part A policy, EXPLAIN:

·EMARKS: _____

·certify that the Applicant or Proposed Insured has answered, exactly as indicated, all items on those parts of this application which were completed in my presence. · have answered the items under "Agent's Statement" and I do not know of anything against the risk which is not fully set forth in these papers.

*1/27/74*           Agent's Signature
·____Date____

**R ACCIDENT or ACCIDENT & SICKNESS INSURANCE, COMPLETE THIS SECTION**

CLASS OF RISK. The insurance is applied for at the Standard Premium Class for the occupation
he Proposed Insured, unless a substandard premium class is shown here: ............................................... *4 A* plus............%

| INSURANCE TO TAKE EFFECT as of: | 32. Premium Payable | 33. Amount Paid with this Application |
|---|---|---|
| ☐ Date Policy is written at Home Office. | ☒ Ann. ☐ Mo. ☐ A.B.C. | Verified by |
| ☒ Last date of Parts A and B of this Application. | ☐ S.A. ☐ S.S. | $ *480 00* |
| ☐ ..........................................19.... | ☐ Quar. ☐ | |

BENEFICIARY (Does not apply unless Policy includes Accidental Death Indemnity)

35. Mail Notices to address shown in:

Name ..........................................................................  ☐ Item 8 (Res.) ☒ Item 10 (Bus.)

................Relationship to Proposed Insured ...........................  ☐ Item 38

| Has the Proposed Insured any ident and Sickness insurance in force? ............☐ Yes ☒ No *es*, give details. | Companies | Indemnity per Mo. Acc. Sick. $ $ | Benefit Period Acc. Sick. Yrs. Yrs. | Principal Sum $ |
|---|---|---|---|---|

. Are any of these policies to be permanently discontinued
n delivery of the policy hereby applied for?....................☐ Yes No ☐        *N/A*
*es*, specify which.

Is it understood and agreed that the policy hereby applied for will not pay indemnity for loss of time:
ing the first__*50*__days of any period of disability due to accident? ........................................   ☒ Yes No ☐
ing the first__*3.0*__days of any period of disability due to sickness? ......................

Special Requests:

---

MUTUALLY AGREED THAT: (1) Except as provided under (2) below, the Company shall be under no liability and a policy applied
ull not take effect unless and until it is issued and delivered to the Applicant and the first premium for it is paid in full during the lifetime
: Proposed Insured and then only if, at time of delivery, the answers made in Parts A and B of the application and in any amendments thereof
upplements thereto are true and complete answers to the same questions without material change—and thereupon such policy shall be deemed
ve taken effect as stated therein. (2) If the soliciting agent has delivered a receipt bearing the same date and number as this application and
received in cash, as indicated in this application, either an amount which equals the full first premium for a policy applied for or an amount
n, although less than the full first premium for such policy, is $10 or more and equals at least a monthly premium for such policy, then the
ry of the Company shall be as stated in the receipt. (3) Neither the soliciting agent, nor the medical examiner if any, is authorized to
r risks or pass upon insurability, to make or modify contracts or to waive any of the Company's rights and requirements. No statement made
by, and no knowledge on the part of, any agent or medical examiner as to any facts pertaining to the Proposed Insured shall be considered
ving been made to or brought to the knowledge of the Company unless stated in the application. (4) The Applicant's acceptance of any
nsurance policy issued on this application shall constitute ratification of all representations and agreements made in writing as part of the
cation and of any amendments and corrections which the Company makes and refers to under item 29 hereof in connection with issuance
ch policy; it being understood that item 29 will not be used in connection with changes as to amount, classification, plan of insurance or
its. (5) The Proposed Insured shall be the owner of any policy of Accident or Accident & Sickness insurance issued upon this application;
vith respect to any such policy it is hereby certified by the undersigned Proposed Insured and soliciting agent (a) that the information
ied by the Proposed Insured has been truly and accurately recorded on this application, and (b) that the Proposed Insured has read, or
ead to him, all parts of the application which apply to such insurance and understands that any false statement which is material to the
ind is made with intent to deceive may result in loss of coverage under such policy. (6) After 2 years from the date of issue of any policy
ccident or Accident & Sickness insurance issued upon this application it shall be presumed that the Proposed Insured was in good health
e date of this application and on the date of issue and of delivery of such policy and payment of the first premium. (7) Any policy of
ance issued upon this application shall be considered as delivered in the State in which this application was signed, as shown below, and
be construed in accordance with the laws of that State.

d at: City...................................... State.....*Fla.*..... this..*27*..day of....*January*.............19*94*

ture of .............................................  Signature of
ess _____  Proposed Insured _____
      Licensed Resident Agent (Soliciting Agent)   Signature of Applicant for
                                                   Life Insurance if other
                                                   than Proposed Insured _____

pplicant for Life Insurance is a corporation, firm or trust,      Include title of qualified officer if Applicant is a
    write full legal name here; otherwise leave blank               corporation, firm or trust

: 730 (1968)

---

THORIZATION to PHYSICIANS or PRACTITIONERS, HOSPITALS or OTHER INSTITUTIONS:
are hereby authorized to furnish Sun Life Insurance Company of America with any and all information you may have acquired on or before
date hereof regarding conditions for which.....*SAMUEL RAND*.................................was under
rvation or treatment by you, including the history, findings and diagnosis. A photocopy of this authorization shall be as valid as the original.

## PART B of APPLICATION to SUN LIFE INSURANCE COMPANY OF AMERICA
### HOME OFFICE — BALTIMORE, MARYLAND
### DECLARATION OF INSURABILITY

NAME of LIFE PROPOSED (Please Print), to whom all items refer

Samuel TRANO

DATE of BIRTH

Month April   Day 21   Year 37

PERSONAL PHYSICIAN

Name .................................................

Address .................................................

| 4. FAMILY HISTORY | Age | LIVING State of Health | Age at Death | DEAD Cause of Death |
|---|---|---|---|---|
| Spouse | 36 | Good | | |
| Father | 70 | Good | | |
| Mother | | | 61 | Cerebral hemm. |
| Brothers (Number) | 50 / 5 / 36 | | | |
| Sisters (Number) | 28 | | | |

items 5 through 11, ANWER "YES" or "NO." If "YES," GIVE DETAILS IN SPACE BELOW. Indicate DATES, DURATION, NAMES and ADDRESSES of Hospitals and Physicians. Specify ITEM No. and AILMENT.

**HAVE YOU EVER:**

Been rejected, rated or postponed for insurance, or been offered less insurance than applied for?........ ☐ Yes ☑ No

Applied for or received benefits, compensation, or a pension because of sickness or injury?........... ☐ Yes ☑ No

Used intoxicants to excess within the last 5 years, or been treated for alcoholism?..................... ☐ Yes ☑ No

Used narcotics or sedatives habitually, or been treated for the drug habit?....... .!........... ☑ No ☐ Yes

Been closely associated in the last 5 years with anyone having tuberculosis?.................... ☐ Yes ☑ No

**HAVE YOU EVER HAD, BEEN TOLD YOU HAD, CONSULTED A PHYSICIAN OR BEEN TREATED FOR:** (Underline the ailment.)

Impairment of sight or hearing, or eye or ear disorder?......................................... ☐ Yes ☑ No

Disease of the brain or nervous system (convulsions, headaches, dizzy spells, epilepsy, nervous breakdown, paralysis, or any mental disorder)?......... ☐ Yes ☑ No

Chest pains, shortness of breath or swelling of ankles?......................................... ☐ Yes ☑ No

Disease of the heart or blood vessels (rheumatic fever, coronary disease, heart murmur, high blood pressure, varicose veins)?...................... ☐ Yes ☑ No

Disease of the lungs or respiratory system (asthma, pleurisy, chronic bronchitis, blood spitting, tuberculosis)?............................... ☐ Yes ☑ No

Indigestion, diarrhea, abdominal pain, ulcer, or intestinal bleeding?............................. ☐ Yes ☑ No

Disease of the esophagus, stomach, intestinal tract or rectum?...................................... ☐ Yes ☑ No

Colitis, jaundice, or disease of the liver or gall bladder?........................................ ☐ Yes ☑ No

Disease of the kidneys, bladder, or prostate (nephritis, kidney stone, or sugar, albumin, or blood in the urine)?................................... ☐ Yes ☑ No

Arthritis, rheumatism, gout, polio, lameness, deformity, amputation, bone or joint disorder?.... ☑ Yes ☐ No

A growth of any kind, cancer, tumor, cyst, or skin disease?........................................ ☐ Yes ☑ No

Diabetes, thyroid, or other glandular disorder?...... ☐ Yes ☑ No

Within the last 5 years, have you had any x-rays, electrocardiograms, blood studies or physical examinations?......................................... ☐ Yes ☑ No

**Have You Ever:**

Been a patient in or been advised to enter a hospital, sanatorium, or other institution for observation, rest, diagnosis, treatment, or any operation not mentioned above?............................... ☐ Yes ☑ No

Consulted or been attended or been examined by any doctor or other practitioner, within the last 5 years, other than as mentioned above?................. ☐ Yes ☑ No

To the best of your knowledge and belief, has either of your parents or any brother and/or sister ever had diabetes, tuberculosis, heart disease or mental disorder?........................................ ☐ Yes ☑ No

Has your weight changed in the past year?....... ☐ Yes ☑ No
If "Yes," GAIN ____ lbs. or LOSS ____ lbs. and how long has weight been stable?_____

If female, have you ever had a miscarriage, difficult labor, stillbirth, caesarian operation, or disorder of the breast or female organs?................... ☐ Yes ☐ No

HEREBY DECLARE that: (a) the information set forth above is correctly recorded, complete and true, and shall form the basis of and be rt of the consideration for the insurance applied for; and (b) to the extent permitted by law, the Sun Life Insurance Company of America pressly authorized to obtain from any hospital, clinic, physician or other person who has, on or before the date hereof, attended or examined n . knowledge and information thereby acquired, including the history, findings and diagnosis, it being understood that a photocopy of tl thorization shall be as valid as the original.

ned at: City Hollywood   State Florida   this 11th day of February 19 74

nature of ............   Signature of ............

## PART 1

TOTAL DISABILITY - Wherever used in this policy, "total disability" means disability, to the extent set forth in (a) and (b) below, which commences while this insurance is in force, results from such sickness or such injuries, and requires the regular attendance of a licensed physician other than yourself.

    (a) Until your 65th birthday or until benefits for a total disability have been payable for 100 months from the applicable First Benefit Day, whichever is later, you will be deemed to be totally disabled if you are completely unable to engage in your regular occupation or profession.

    (b) For the purpose of determining any continuation of the total disability thereafter, you will be deemed to be totally disabled if you are completely unable to engage in any gainful occupation or profession in which you might reasonably be expected to engage with due regard to your education, training and experience, and to your earning ability prior to the disability.

Under no circumstance will you ever be considered to be suffering from more than one total disability at the same time.

## PART 2

FIRST BENEFIT DAY

      FOR SICKNESS - 31st DAY OF TOTAL DISABILITY
      FOR ACCIDENT - 31st DAY OF TOTAL DISABILITY

MONTHLY INCOME BENEFIT FOR TOTAL DISABILITY

      $1000. PER MONTH

MAXIMUM BENEFIT PERIOD - WHILE TOTALLY DISABLED

      FOR SICKNESS - UNTIL THE POLICY ANNIVERSARY NEXT FOLLOWING YOUR 65TH BIRTHDAY BUT NOT LESS THAN 30 MONTHS.

      FOR ACCIDENT - YOUR LIFETIME IF TOTAL DISABILITY COMMENCES BEFORE YOUR 65TH BIRTHDAY, OTHERWISE, 30 MONTHS.

## PART 3

TOTAL BLINDNESS OR DOUBLE DISMEMBERMENT BENEFIT - $24,000.

## OTHER BENEFITS

NONE.

INSURED - Samuel Rand

POLICY SCHEDULE

POLICY NUMBER: H740234   POLICY DATE: 2-11-1974   DATE OF ISSUE: 2-28-1974

ANNUAL PREMIUM - $488.00   FIRST PREMIUM - $488.00 PAYABLE Annually

DISABILITY INCOME POLICY